**Phillip Lynn STONE, Appellant,**

v.

**Laura Lee STONE, Appellee.**

No. 11–02–00258–CV.

Court of Appeals of Texas,
Eastland.

Sept. 4, 2003.

Kerwin B. Stephens, Stephens & Myers, Graham, for Appellant.

Doug Perrin, Arlington, for Laura Lee Stone.

Panel consists of: WRIGHT, J., and McCALL, J., and DICKENSON, S.J.*

Opinion

BOB DICKENSON, Senior Justice (Retired).

Laura Lee Stone filed the original petition for divorce on February 23, 2000. After several nonjury hearings, a final decree was signed on May 17, 2002. That decree ordered Phillip Lynn Stone to pay post-divorce maintenance to Laura under Chapter 8 of the Texas Family Code.[1] Phillip appeals. We affirm.

### Final Decree of Divorce

The final decree confirmed the divorce which had previously been granted and the division of community property. More than half of the community property was awarded to Phillip. In order to equalize the property division, Phillip was ordered to sign a vendor's lien note[2] for $225,000.00. The decree also ordered Phillip to pay child support in the amount of $400.00 per month while their minor child, Lucy J. Stone, lived with Laura;[3] to pay Laura the total sum of $15,600.00 as post-

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. See TEX. FAMILY CODE ANN. §§ 8.001, 8.051, 8.052, 8.053, 8.054, & 8.055 (Vernon Supp.2003). The other sections in this chapter are not applicable to this appeal.

2. That note was secured by a lien on the lands and several other assets which were awarded to Phillip, and it bears interest at the rate of 8

percent per annum, compounded annually. The note is payable in monthly installments of $2,729.87 each, commencing on December 1, 2000. The final payment is due on November 1, 2010.

3. Lucy was born on January 17, 1985. She is no longer a minor, and there is no dispute about the provisions in the decree concerning conservatorship and child support.

divorce maintenance;[4] and to pay Laura $4,500.00 for her attorney's fees.

## Issue Presented

The only issue presented for appellate review is whether the trial court "abused its discretion by ordering Phillip to pay spousal maintenance." In presenting this issue, Phillip argues that there is no evidence or, in the alternative, insufficient evidence to support the trial court's finding that:

Laura lacks sufficient property and earning ability to provide for her minimum reasonable needs.

## Findings of Fact

The trial court's findings which are relevant to the issue presented for appellate review are:

1. The duration of the marriage between Petitioner and Respondent was longer than ten (10) years.

2. Petitioner lacks sufficient property, including property distributed to her under the Texas Family Code, to provide for her minimum reasonable needs until July 31, 2003.

3. Petitioner clearly lacks earning ability in the labor market adequate to provide support for her minimum reasonable needs until July 31, 2003.

4. Petitioner has exercised diligence in seeking suitable employment.

5. Petitioner has exercised diligence in developing the necessary skills to become self-supporting during the period of the parties' separation and during the

time the suit for dissolution of the marriage was pending.

6. The period ending July 31, 2003, constitutes the shortest reasonable period that allows Petitioner to meet her minimum reasonable needs by obtaining appropriate employment or developing an appropriate skill.

7. The sum of $650.00 per month will provide for the minimum reasonable needs of Petitioner, considering employment or property received in the dissolution of the marriage or otherwise owned by Petitioner that contributes to the minimum reasonable needs of Petitioner.[5]

## Conclusion of Law

The trial court ruled in Conclusion of Law No. 3 that Laura was qualified for spousal maintenance under Section 8.051(2)(C). Relevant portions of that section provide that the trial court "may order maintenance for either spouse" if, but only if, the duration of the marriage was ten years or longer and:

[T]he spouse seeking maintenance lacks sufficient property, including property distributed to the spouse under this code, to provide for the spouse's minimum reasonable needs [and] clearly lacks earning ability in the labor market adequate to provide support for the spouse's minimum reasonable needs.

## Standards of Review

Phillip argues that the evidence conclusively showed that the monthly note payments of $2,729.87, together with Laura's

4. The decree required payments of $650.00 per month from August 1, 2001, until July 31, 2003. These payments were subject to other provisions which did not become applicable.

5. The trial court had ordered Phillip to pay maintenance to Laura at the rate of $1,000.00 per month in the decree which was signed on

May 24, 2001. Phillip filed a motion for new trial, and the trial court granted a new trial "insofar as the issues of spousal support are concerned." After further hearings, the final decree of divorce ordered maintenance at the rate of $650.00 per month.

current earnings and the child support payments which he made, were more than enough to provide for Laura's "minimum reasonable needs." In connection with this argument, Phillip prays that judgment should be rendered that Laura take nothing on her claim for maintenance under Section 8.051(2)(C). Phillip also argues, in the alternative, that the evidence was "factually" insufficient to support the trial court's finding that Laura lacked sufficient property and earning ability to provide for her minimum reasonable needs. In connection with this argument, Phillip prays that the judgment of the trial court should be reversed in part and that Laura's claim for maintenance should be remanded.

The trial court in a nonjury case is the judge of the credibility of the witnesses and of the weight to be given to their testimony. It is the trial court, not the appellate court, which resolves conflicts in the evidence. The trial court's findings of fact in a nonjury case "have the same force and dignity as a jury's verdict." *See, e.g., Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). If there is "any evidence of probative force" to support the trial court's finding, an appellate court "cannot substitute its findings of fact for those of the trial court." *Ray v. Farmers' State Bank of Hart,* 576 S.W.2d 607, 609 (Tex.1979). The trial court's findings, like a jury's verdict, can be set aside if they are "so against the great weight and preponderance of the evidence as to be manifestly unjust." *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

An appellate court uses the "abuse of discretion" standard to review a trial court's ruling on a request for maintenance under Chapter 8 of the Texas Family Code.[6] The trial court does not abuse its discretion if there is any evidence of a substantive and probative character to support its decision. *See Carlin v. Carlin,*

92 S.W.3d 902, 905 (Tex.App.-Beaumont 2002, no pet'n); *Amos v. Amos,* 79 S.W.3d 747, 749 (Tex.App.-Corpus Christi 2002, no pet'n); *Limbaugh v. Limbaugh,* 71 S.W.3d 1, 12 (Tex.App.-Waco 2002, no pet'n); *Pickens v. Pickens,* 62 S.W.3d 212, 214 (Tex.App.-Dallas 2001, pet'n den'd); *Lopez v. Lopez,* 55 S.W.3d 194, 198 (Tex.App.-Corpus Christi 2001, no pet'n).

The Beaumont Court of Appeals reversed the trial court's award of spousal maintenance in *Carlin v. Carlin,* supra. The appellate court found that the trial court abused its discretion in ordering maintenance because the proof in that case of the former wife's "disability" was against the great weight and preponderance of the evidence. That case is factually distinguishable.

The Corpus Christi Court of Appeals affirmed the trial court's ruling which granted spousal maintenance under Section 8.051 in *Amos v. Amos,* supra at 749, stating:

> The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision or if reasonable minds could differ as to the result. Absent a clear abuse of discretion, we do not disturb the trial court's decision to award spousal maintenance. Deciding what the minimum reasonable needs are for a particular individual is a fact-specific determination that should be made by the trial court on a case-by-case basis. (Citations omitted)

The Waco Court of Appeals affirmed the trial court's ruling which granted spousal maintenance (under the predecessor statute which has been renumbered as Section 8.051) in *Limbaugh v. Limbaugh,* supra at 12, stating:

> We review a spousal maintenance order under an abuse-of-discretion stan-

---

6. See Footnote No. 1.

dard. Thus, we will not disturb such an order unless the court "acted without reference to guiding rules or principles such that the court's [order] was arbitrary and unreasonable." (Citations omitted)

The Dallas Court of Appeals affirmed the trial court's ruling which granted spousal maintenance in *Pickens v. Pickens,* supra at 214, stating:

> We review the award of spousal maintenance under an abuse of discretion standard. A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error; however, they are relevant factors in assessing whether the trial court abused its discretion. (Citations omitted)

The Corpus Christi Court of Appeals affirmed the trial court decree which awarded spousal maintenance in *Lopez v. Lopez,* supra at 198, stating:

> We review the trial court's decision to award spousal maintenance under an abuse of discretion standard. . . . The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision or if reasonable minds could differ as to the result. Absent a clear abuse of discretion, we do not disturb the trial court's decision to award spousal maintenance. Deciding what the minimum reasonable needs are for a particular individual is a fact-specific determination that should be made by the trial court on a case-by-case basis. (Citations omitted)

### The Evidence

Laura testified on September 21, 2000, that she and Phillip were married in 1982, that their daughter was born in 1985, that the marriage had become insupportable because of discord or conflict of personalities, and that there was no reasonable expectation of reconciliation. Laura also testified that she did not have sufficient property and earnings to meet her reasonable needs.

Laura testified in answer to questions by Phillip's attorney on June 14, 2001, that she was then living in Odessa, that she was earning $10.00 per hour, that she was receiving $400.00 per month as child support, and that she was receiving $2,729.92 per month as payments on the vendor's lien note. Laura also testified that she did not have "any money left at the end of the month." Laura agreed that she did not have any disability which would interfere with her ability to work.

Laura testified on September 13, 2001, that the monthly average of her expenses was $6,156.00 and that she did not have any source of income other than the child support payment, the note payment, and her wages. Laura said that she is not able to save or invest the money which she receives from Phillip as note payments and that she pays her bills with that money. Laura said that she was "having to spend it to live." During her cross-examination, Laura agreed that she was receiving note payments in the sum of $2,729.92 per month, child support in the sum of $400.00 per month, and wages at the current rate of $11.00 per hour (for "between 38 and 40 hours a week" with some overtime). During her redirect examination, Laura said that the figures which Phillip's attorney used during his cross-examination did not reflect her testimony.

### This Court's Ruling

The issue presented for appellate review is overruled. The trial court did not abuse

its discretion by ordering Phillip to pay maintenance to Laura under Section 8.051(2)(C). *Carlin v. Carlin,* supra; *Amos v. Amos,* supra; *Limbaugh v. Limbaugh,* supra; *Pickens v. Pickens,* supra; and *Lopez v. Lopez,* supra. There is some evidence of probative force to support the trial court's findings of fact. *Ray v. Farmers' State Bank of Hart,* supra. The trial court's findings are not so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* supra.

The judgment of the trial court is affirmed.