In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-113 CV


____________________



DUDLEY PETTRY, Appellant



V.



DONNIE PETTRY, Appellee






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 24398






MEMORANDUM OPINION


 Dudley Pettry appeals the trial court's Final Decree of Divorce on the sole ground that
there is no evidence, or in the alternative, insufficient evidence, to support the award of
spousal maintenance. The record reflects the trial court ordered Dudley to pay a "[m]onthly
premium of $225.00 per month for a term of 3 years for Donnie Pettry's health insurance
coverage available through COBRA." We agree with Dudley that this provision constitutes
spousal maintenance. The Family Code defines spousal maintenance as "an award in a suit
for dissolution of a marriage of periodic payments from the future income of one spouse for
the support of the other spouse." Tex. Fam. Code Ann. § 8.001(1) (Vernon Supp. 2004). 
Dudley's maintenance of Donnie's medical insurance falls within that definition. See
Espeche v. Ritzell, 123 S.W.3d 657, 666 (Tex. App.--Houston [14th Dist.] 2003, pet. denied).

 Dudley first argues there is no evidence Donnie clearly lacks the earning ability to
provide support for her minimum reasonable needs, as limited by section 8.054. Section
8.054(a)(2) provides that a court "shall limit the duration of a maintenance order to the
shortest reasonable period that allows the spouse seeking maintenance to meet the spouse's
minimum reasonable needs by obtaining appropriate employment or developing an
appropriate skill . . ." However, it goes on to state "unless the ability of the spouse to provide
for the spouse's minimum reasonable needs through employment is substantially or totally
diminished because of: (A) physical or mental disability. . ." Tex. Fam. Code Ann. §
8.054(a)(2)(A) (Vernon Supp. 2004). 

 Dudley further argues Donnie has failed to rebut the presumption of section 8.053 that
"maintenance is not warranted unless the spouse seeking maintenance has exercised diligence
in: (1) seeking suitable employment; or (2) developing the necessary skills to become self-supporting during a period of separation and during the time the suit for dissolution of the
marriage is pending." Tex. Fam. Code Ann. § 8.053(a)(1)(2) (Vernon Supp. 2004). 
Subsection (b) provides: "This section does not apply to a spouse who is not able to satisfy
the presumption in Subsection (a) because of an incapacitating physical or mental disability." 
Tex. Fam. Code Ann. § 8.053(b) (Vernon Supp. 2004).

 Evidence was presented that Donnie lacked sufficient property, including the property
distributed, to provide for her minimum reasonable needs after the divorce. Evidence was
presented that Donnie had a long history of knee problems due to a meniscus tear in her knee
which caused her to be unable to work and for which she had been receiving treatment. At
the time of trial, Donnie's knee still required surgery and testimony was given as to the need
for surgery and the duration of recovery after surgery. Further, Donnie is currently being
treated for breast cancer and will need future surgery. There was testimony that due to illness
and the divorce, Donnie has had a near nervous breakdown and undergone a psychological
evaluation. 

 Dudley's brief ignores this evidence and fails to address the exception for physical
disability set forth in sections 8.054(a)(2)(A) and 8.053(b). There is no argument that the
evidence adduced at trial cannot support a finding by the trial court that spousal maintenance
was proper because of physical disability. See Carlin v. Carlin, 92 S.W.3d 902, 905 (Tex.
App.--Beaumont 2002, no pet.). Dudley has not demonstrated the trial court abused its
discretion. See Stone v. Stone, 119 S.W.3d 866, 868 (Tex. App.--Eastland 2003, no pet.). 
Point of error one is overruled. 

 The judgment of the trial court is AFFIRMED.



 ______________________________

 DON BURGESS

 Justice


Submitted on July 2, 2004

Opinion Delivered August 26, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.