Frank H. HUNT, Appellant,

v.

Maria Guadalupe Zamora HUNT, Appellee.

No. 547.

Court of Civil Appeals of Texas, Corpus Christi.

May 28, 1970.

Robert L. Bunting, Jr., Corpus Christi, for appellant.

B. C. Mitchell, Corpus Christi, for appellee.

## OPINION

NYE, Justice.

A decree of divorce was granted to appellee Maria Guadalupe Zamora Hunt.

The judgment contained orders relative to child custody and support. The trial was to the court without a jury and is here on appeal supported by findings of fact, conclusions of law and a full statement of facts. The husband Frank H. Hunt's appeal is predicated upon the sufficiency of the evidence to support the judgment of divorce and upon the trial court's denial of his motion for continuance.

The wife filed suit for divorce in January 1969. She alleged as grounds for divorce, mental cruelty under Article 4629(1). The case was tried in December 1969, prior to the time that the new family code went into effect on January 1, 1970. (See Family Code, Sec. 3.02, Cruelty). In order to grant a divorce on the grounds of mental cruelty, the acts complained of must be of such a nature as to render the parties' living together insupportable. The evidence of the excesses, cruel treatment and outrages must be established by full, clear and satisfactory evidence. Article 4632, V.A.C.S. The sufficiency and weight of the evidence necessary to meet these requirements, must of necessity be left to the sound discretion of the trier of facts. The evidence is subject to review on appeal to determine whether the trial court has abused its discretion in granting the divorce on the evidence presented. Alexander v. Alexander, 373 S.W.2d 800 at 803 (Tex.Civ.App.—Corpus Christi, 1963) and cases cited therein.

The appellant husband was not present at the trial. The evidence was that he went to the wife's home, picked up their three year old baby boy, and took the child away from his wife by force. He knocked her down, cussed her and then left. He has not been heard of since.

The wife testified, among other things, that her husband had accused her of infidelity on many occasions. The appellant-husband argues that such accusations did not cause her any harm because she had been living with him for several years prior to their ceremonial marriage

and that under these circumstances a charge of unchastity or infidelity could not upset her in the slightest. This contention is without merit.

 "False charges of unchastity or infidelity made by a husband to his wife, or even a single deliberately false accusation, may constitute such cruelty as will entitle the wife to a divorce. * * *" Alexander v. Alexander, supra, and authorities cited therein. The record showed that immediately following the wife's testimony on infidelity, she stated that she left her husband because of these remarks and has not lived with him as husband and wife since. She stated that she could not live with him as his wife again. Mental cruelty was thus proved.

No useful purpose could be served by narrating the testimony relative to other acts of cruel treatment upon which the decree is based. The wife's testimony in some respects was corroborated by two witnesses: One who had known the parties for seven years; the other witness who was acquainted with both the husband and wife for three years had visited them in their home. We are convinced from a careful examination of the entire record that the evidence is sufficient to meet the standards set by law. The trial court did not abuse its discretion in granting the divorce.

The suit for divorce had been on file for almost a year. The appellee had made a number of requests for setting. The defendant left with appellee's child in August 1969. The trial court had previously granted the defendant his first motion for continuance. Requests for admissions were made, answered and filed in the record. The husband had not made any request for the deposition of any witness. Defendant's second motion for continuance was based upon the absence of a witness. The motion does not show the materiality of the testimony of such absent witness. The application for continuance does not state that the appellant used due diligence to procure the testimony from any other source nor does he indicate what he expected to prove by such witness. In such posture the motion falls short of the requirements under the rule (Rule 252, T.R.C.P.).

We hold that it was not an abuse of discretion for the court to overrule appellant's motion. Lopez v. Columbus Quarter Horse Association, 409 S.W.2d 478 (Tex. Civ.App.—Houston 1st, 1966, n. r. e.) ; Love v. Grizzaffi, 423 S.W.2d 164 (Tex. Civ.App.—Waco, 1967, no writ) and authorities cited therein. Appellant's points are overruled.

Judgment of the trial court is affirmed.