James Louis TSCHIRHART, Appellant,

v.

Suzanne C. TSCHIRHART, Appellee.

No. 3–93–309–CV.

Court of Appeals of Texas,
Austin.

April 20, 1994.

Craig A. Morgan, Brown McCarroll & Oaks Hartline, Austin, for appellant.

Rosemary Coffman, Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

JONES, Justice.

## I. INTRODUCTION

This is an appeal from the trial court's disposition of community property in a divorce action. James Tschirhart, appellant, asserts that (1) the division of property was inequitable, manifestly unjust, and unduly favorable to Suzanne Tschirhart, appellee, and (2) the community homestead was erroneously encumbered. We will modify the trial court's judgment in part and, as modified, affirm it.

## II. FACTUAL AND PROCEDURAL BACKGROUND

James and Suzanne Tschirhart were married on November 25, 1972. James owned

several pieces of property before the marriage. During the marriage, James retained some of these properties and sold others, contributing the proceeds to the community estate. James supported the family with real estate rental properties and other business ventures. Suzanne helped James in these pursuits. James and Suzanne had one child, whose custody and support are not at issue in this appeal.

In November 1991 James suspected Suzanne of having an extramarital affair; shortly thereafter, on December 5, 1991, James filed for divorce on the grounds of insupportability and adultery and petitioned the court for a disproportionate share of the community estate. Suzanne filed an answer and a counterclaim for divorce, alleging insupportability and cruel treatment. Suzanne also petitioned for a disproportionate division of the community estate and asserted community claims for reimbursement of funds and community time and effort expended to enhance James's separate property. Additionally, Suzanne asserted a tort claim for damages under chapter 123 of the Civil Practice and Remedies Code, alleging that James had intercepted her communications with third parties. After a bench trial, the trial court signed the final decree of divorce, which granted the divorce on the grounds of insupportability, divided the community property, and provided for conservatorship and support of the parties' child. No findings of fact or conclusions of law were requested or filed.

James attacks the decree in four points of error. In his first three points of error, he complains of the trial court's division of the parties' community property. He asserts that the trial court abused its discretion because (1) the disposition is inequitable and manifestly unjust; (2) there is no evidence or, in the alternative, insufficient evidence to support the trial court's conclusion that the disposition is just and right, or that it is fair and equitable; and (3) the conclusion that the disposition is just and right, or fair and equitable, is against the great weight and preponderance of the evidence. In his fourth point of error, James asserts that the trial court erroneously encumbered his homestead to pay an unsecured creditor and erroneously ordered that the proceeds of the sale of the homestead be used to pay that creditor.

## III. EVIDENCE

We first address a threshold evidentiary issue. In his brief to this Court, James relies, in part, on values he placed on property in his sworn inventory and appraisement. Although the inventory was filed with the district clerk, it was never introduced into evidence at trial. Suzanne contends that, because it was not admitted into evidence, we may not consider James's inventory as evidence of the values of the community property.

Two other courts of appeals have addressed the issue of whether an inventory filed with the clerk but not admitted into evidence at trial may be considered on appeal. The Tyler Court of Appeals has analogized inventories to written interrogatories and held that an inventory must be admitted into evidence to be considered on appeal. *See Poulter v. Poulter,* 565 S.W.2d 107, 110 (Tex.Civ.App.—Tyler 1978, no writ); *Bokhoven v. Bokhoven,* 559 S.W.2d 142, 143–44 (Tex.Civ.App.—Tyler 1977, no writ). The First Court of Appeals in Houston, however, reached the opposite conclusion. That court held that where the trial court's conclusions of law refer to an inventory not admitted into evidence, the inventory may be considered as evidence because the trial court could have taken judicial notice of it. *Vannerson v. Vannerson,* 857 S.W.2d 659, 670–71 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

 We decline to follow *Vannerson.* We agree that a court may take judicial notice of its own records. However, judicial notice usually is limited to matters that are generally known or easily proven and that cannot reasonably be disputed. *See* Tex. R.Civ.Evid. 201. That is, a court may take judicial notice that a pleading has been filed in the cause, *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274, 276 (1961), or of the law of another jurisdiction, Tex.R.Civ.Evid. 202. A court may not, however, take judicial notice of the *truth* of allegations in its records. *See In re MCorp Fin., Inc.,* 137 B.R. 219, 229 (Bankr.S.D.Tex.1992). The court in *Vannerson* cited *Smith v. Smith,* 757 S.W.2d 422,

426 (Tex.App.—Dallas 1988, writ denied), as support for its conclusion that the trial court can take judicial notice of an inventory not admitted into evidence. *Smith*, however, stands only for the proposition that a trial court may, in determining the reasonableness of attorney's fees, take judicial notice of the contents of its files. 757 S.W.2d at 426. We agree with *Smith* and note that the Civil Practice and Remedies Code expressly authorizes such action in certain circumstances. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 38.-003 (presuming, for certain claims, that usual and customary attorney's fees are reasonable), 38.004 (authorizing court, in certain circumstances, to take judicial notice of usual and customary attorney's fees and contents of case file) (West 1986). However, we do not agree that *Smith* can be extended to allow a court to take judicial notice of the truth of statements in an inventory filed in a divorce proceeding.

We believe an inventory and appraisement is analogous to a pleading.[1] In James's inventory, the properties of the parties are characterized as community or separate and are listed along with accompanying values. Although the inventory is sworn, it provides no basis for the property valuations. Furthermore, absent introduction of the inventory into evidence, cross-examination regarding its contents may be overlooked entirely or, if conducted, may be of limited value. We hold that unless a party's inventory is formally admitted into evidence at trial, that party may not rely on the inventory as evidence on appeal. Accordingly, we will not consider James's inventory as evidence of property values.

James also asks this Court to consider statements in the "proposed disposition of issues"—often referred to as "pretrial statements"—prepared by each party. Like James's inventory, these pretrial statements were not introduced into evidence at trial. Furthermore, although trial was held February 2–4, 1993, and the decree was signed March 5, the pretrial statements were not filed with the district clerk until August 25, 1993, after the statement of facts and transcript had been filed in this Court. The pretrial statements are included in a supplemental transcript received by this Court on August 27, 1993. Because they were not introduced into evidence, however, we will not consider them.

## VI. CONCLUSION

We modify the trial court's judgment to reflect that appellant, James Louis Tschirhart, is ordered to pay 60% of the $50,000 balance remaining on the March 10, 1983, promissory note in the original amount of $100,000, and appellee, Suzanne C. Tschirhart, is ordered to pay 40% of the balance. We further modify the trial court's judgment by deleting that part of the judgment requiring that the proceeds from the sale of the parties' homestead be used to pay the note. As so modified, we affirm the trial court's judgment.

---

1. Texas Rule of Civil Procedure 45 provides, in part, that "[p]leadings in the district and county courts shall (a) be by petition and answer; (b) consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense." Because an inventory and appraisement is not a petition or an answer, and because it does not state a cause of action or defense, it is technically not a

"pleading." Like pleadings, however, inventories may constitute judicial admissions. *Roosevelt v. Roosevelt*, 699 S.W.2d 372, 374 (Tex. App.—El Paso 1985, writ dism'd). A judicial admission establishes the issue in dispute as a matter of law on behalf of the adversary of the one making such admission. *Id.* The party making a judicial admission may not introduce evidence contrary to the admission. *Id.*