Daniel v. Daniel 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-441-CV





LINDA DANIEL,



 APPELLANT


vs.





GARY LEE DANIEL,



 APPELLEE


 




FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT



NO. 93-02-4796, HONORABLE ERNEST CADENHEAD, JUDGE PRESIDING



 



 


PER CURIAM


 This appeal arises from the trial court's division of property on divorce. Linda
Daniel and Gary Daniel each petitioned the trial court for divorce. After a non-jury trial, the
court granted Gary's petition and divided the community estate. The parties had no minor
children. Linda appeals the trial court's decree dividing the parties' property. We will affirm the
trial court's decree.

 In her second point of error, Linda contends that the trial court abused its discretion
by disproportionately dividing the parties' property. In making a property division, the court's
duty is to divide the community estate in a manner the court deems just and right, having due
regard for the rights of each party. Tex. Fam. Code Ann. § 3.63 (West 1993). The trial court
is given wide discretion to effect a division of property, and its division will not be disturbed on
appeal unless the court clearly abused its discretion. Hedtke v. Hedtke, 248 S.W. 21, 23 (Tex.
1923).

 In dividing the Daniels' assets, the court awarded Linda a 1984 Ford Bronco, a
bedroom suite, a vacuum cleaner, a food processor, and a $2,500.00 note to be executed by Gary. 
The court awarded Gary five acres of land, a 1983 Chevrolet pickup truck, and seven registered
longhorn cows. The court awarded each party the personal effects, furnishings, and equipment
within their respective possession or control. The five acres of land awarded Gary were improved
with a tack shed, pens, and a house. The court ruled that the master bedroom suite and a gun
collection were Gary's separate property.

 In dividing the Daniels' liabilities, the court ordered Linda to pay the balance due
on the note given to buy the Bronco. The court ordered Gary to pay the debt owed a credit union
as well as the balance due on notes given to buy and move the house, to make improvements to
it, to buy the pickup truck, and to buy the seven cows. The court also ordered Gary to execute
a note for $2,500.00 to Linda, payable in monthly installments of $100.00 at seven percent
interest and secured by a second lien on the real property. 

 The evidence supporting the values of the parties' limited community property is
slender and much of what exists is disputed. Throughout her brief on appeal, Linda relies on the
inventory and appraisement she filed with the trial court to support her property valuations and
thus her complaint concerning the property division. Because the trial court did not admit the
inventory in evidence, however, Linda cannot rely on it as evidence of property values on appeal. (1) 
Tschirhart v. Tschirhart, 876 S.W.2d 507, 509 (Tex. App.--Austin 1994, no writ); Poulter v.
Poulter, 565 S.W.2d 107, 110 (Tex. Civ. App.--Tyler 1978, no writ); cf. Vannerson v.
Vannerson, 857 S.W.2d 659, 670-71 (Tex. App.--Houston [1st Dist.] 1993, writ denied).

 Gary testified that the five acres of land, including the house, pens, tack shed, and
tack, were worth $13,000.00 to $13,900.00. Linda testified that the value of the house and land
alone was $20,000.00; she separately valued the tack and tack shed at $6,000.00. Gary and Linda
agreed that the seven cows were worth $8,000.00. The Chevrolet pickup truck was valued at
$4,000.00 by Gary and at either $4,000.00 or $5,000.00 by Linda. Gary also testified to the
value of two items of personal property that were in his possession and were thus awarded him: 
a flatbed trailer at $400.00 and some mechanic's and carpenter's tools at $400.00.

 The only testimony as to the value of the Bronco equated its value with the debt
owed on it. All remaining testimony valuing items of personal property was based on original
cost, disqualifying it as evidence of current market value.

 The record reflects that the debt Linda assumed amounts to $1,500.00, while Gary
was ordered to pay between $27,966.48 and $28,866.48, including the $2,500.00 note he was
ordered to execute to Linda.

 The trial court was not requested to, and did not, file findings of fact and
conclusions of law. On appeal, therefore, the trial court's judgment must be affirmed if it can be
upheld on any legal theory that finds support in the evidence. In re W.E.R., 669 S.W.2d 716, 717
(Tex. 1984). We presume that the trial court resolved inconsistencies in the testimony in favor
of the judgment. Burnet v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980). We further presume that
the court correctly exercised its discretion in dividing the property. Magill v. Magill, 816 S.W.2d
530, 532 (Tex. App.--Houston [1st Dist.] 1991, writ denied).

 Although the trial court awarded Gary more assets than it did Linda, it also ordered
Gary to pay considerably more liabilities. In addition, the evidence is uncontroverted that Linda
committed adultery and the trial court specifically granted the divorce on fault grounds. In
making a just and right division of the community estate, the trial court can consider the fault of
one spouse in breaking up the marriage. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981);
Young v. Young, 609 S.W.2d 758, 762 (Tex. 1980). Without evidence of the value of numerous
items of property awarded and without fact findings, we presume that the trial court properly
considered the circumstances of the parties and correctly exercised its discretion in dividing their
property. Magill, 816 S.W.2d at 534. Linda has failed to show that the division of property is
manifestly unjust. We therefore overrule point two.

 In her first point of error, Linda argues that the trial court erred in failing to find
that Gary's conveyance of community assets to his father was presumptively fraudulent. See Tex.
Fam. Code Ann. § 3.57 (West 1993); Reaney v. Reaney, 505 S.W.2d 338, 339-40 (Tex. Civ.
App.--Dallas 1974, no writ). Gary testified that on December 20, 1992, he sold a tractor, a
trailer, five horses, and ten head of cattle to his father for $2,000.00. The sale occurred shortly
after Linda separated from Gary, but before Linda filed for divorce. Linda testified that the
aggregate value of the property sold was $18,500.00. Gary's testimony of the value of the
property was incomplete, but fell within a range of $7,000.00 to $8,000.00 for the horses and
cattle alone. Gary testified that he sold the property because he needed a motor and transmission
for his pickup truck.

 The trial court filed no finding of fact on whether Gary's conveyance was
presumptively fraudulent, and Linda requested none. On appeal, it is not possible to discern
whether the trial court found the conveyance to be presumptively fraudulent, and took it into
consideration in dividing the estate, or whether the court failed to so find. Hanson v. Hanson,
672 S.W.2d 274, 278 (Tex. App.--Houston [14th Dist.] 1984, writ dism'd). By failing to request
a finding of fact concerning the nature of Gary's conveyance, Linda waived any error that might
be present. Keith v. Keith, 763 S.W.2d 950, 952-53 (Tex. App.--Fort Worth 1989, no writ);
Poulter v. Poulter, 565 S.W.2d 107, 111 (Tex. Civ. App.--Tyler 1978, no writ). We overrule
point one.





 We affirm the trial court's decree.

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 2, 1994

Do Not Publish

1. [1]  In its decree dividing the estate, the court awards Linda "the bedroom suit designated as
Travis' bedroom suit in the inventory and appraisement of Linda Daniel filed in this cause." This
reference to the inventory does not show that the trial court relied on the inventory to place values
on the parties' property. Even if the trial court did so rely, we adhere to our holding in
Tschirhart that unless a party's inventory is formally admitted in evidence at trial, that party
cannot rely on the inventory as evidence on appeal. Tschirhart v. Tschirhart, 876 S.W.2d 507,
509 (Tex. App.--Austin 1994, no writ).