COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-024-CV
  
  
FRANK ELMAR BARNARD                                                      APPELLANT
 
 
V.
 
 
LINDA NELL BARNARD                                                             APPELLEE
 
 
------------
 
FROM THE 393RD 
DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
Introduction
        Appellant 
Frank Elmar Barnard appeals the trial court’s order granting a divorce on 
grounds of cruelty and dividing the property of the marital estate. In four 
points, appellant complains that the trial court erred because it (1) did not 
have a basis upon which to exercise jurisdiction or venue under Texas Family 
Code section 6.301; (2) abused its discretion in finding that appellant was 
guilty of cruel treatment when no evidence was presented to the trial court in 
support of the finding; (3) abused its discretion in its division of the 
community estate because no evidence existed to support the division; and (4) 
erred by failing to confirm and award appellant his separate property. We 
reverse and remand the case for a new trial on the property division.
Facts
        Appellee 
Linda Nell Barnard filed for divorce alleging insupportability and cruelty as 
grounds. Appellant alleged only insupportability in his counterpetition for 
divorce. The trial court found that appellant had committed family violence and 
granted appellee a protective order.
        Each 
party submitted written settlement proposals on property division and custody 
issues. During a hearing in chambers on September 10, 2002, the trial court 
rendered rulings on the division of community property, conservatorship, and 
child support.
        On 
October 16, 2002, the trial court signed a final divorce decree on the grounds 
of insupportability and cruelty. The trial court awarded the rental properties 
in a 55/45 ratio and the remainder of the property in a ratio of 60/40 in favor 
of appellee. The trial court did not conduct a hearing to prove up the divorce 
or the property division before signing the final decree.
Jurisdiction and Venue
        In 
his first point, appellant complains that the trial court lacked authority to 
grant a divorce in this case because no evidence was presented to show that 
either party was a domiciliary of Texas for six months preceding the divorce or 
that either party resided in Denton County for ninety days before the suit was 
filed. Thus, appellant argues that the trial court did not have a basis upon 
which to exercise jurisdiction or venue under Texas Family Code section 6.301. Tex. Fam. Code Ann. § 6.301 (Vernon 1998).[1]  Appellee responds by noting that the parties 
judicially admitted the necessary facts in their pleadings, requested that the 
trial court grant the divorce, made stipulations consistent with such 
admissions, and waived any error related to the granting of the divorce. 
Questions of residency and domicile as qualification for a divorce action are 
fact issues to be determined by the trial court and will not be disturbed on 
appeal unless there is a clear abuse of discretion. Liepelt v. Oliveira, 
818 S.W.2d 75, 78 (Tex. App.—Corpus Christi 1991, no writ).
        On 
May 28, 2002, appellant filed his first amended counterpetition for divorce 
stating that he was a resident of Denton County and a domiciliary of Texas for 
the required period of time. Admissions by a husband and wife in petitions for 
divorce, stating that they satisfied the residency requirements of divorce, are 
considered judicial admissions in the case in which the pleadings are filed, and 
no additional proof is required of the admitted fact. See Dokmanovic 
v. Schwarz, 880 S.W.2d 272, 277 (Tex. App.—Houston [14th Dist.] 
1994, no writ); see also McCaskill v. McCaskill, 761 S.W.2d 470, 
472 (Tex. App.—Corpus Christi 1988, writ denied). We agree with appellee that 
appellant admitted the necessary jurisdictional and venue facts in his 
pleadings. We overrule appellant’s first point.
Cruel Treatment
        In 
his second point, appellant complains that the trial court abused its discretion 
in finding that appellant was guilty of cruel treatment when no evidence was 
presented to the trial court in support of the finding. A spouse’s conduct 
rises to the level of cruel treatment when his or her conduct renders the 
couple’s living together insupportable. Tex. Fam. Code Ann. § 6.002. The evidence of 
cruelty presented at trial must be supported by full, clear, and satisfactory 
evidence.  Hunt v. Hunt, 456 S.W.2d 243, 244 (Tex. App.—Corpus 
Christi 1970, no writ).  On June 3, 2002, the trial court heard 
appellee’s application for a protective order where she alleged that appellant 
had committed family violence against her and against appellant’s two 
daughters.  In support of her application for a protective order, appellee 
attached a sworn affidavit marked exhibit B.  The trial court signed the 
protective order on June 17, 2002.  On page two of the order, the trial 
court found that appellant had committed family violence against appellee.
        In 
appellee’s affidavit she alleged that on or about March 23, 2002, appellant 
threatened to kill her after he saw her riding a motorcycle with another 
man.  Additionally, she alleged that appellant told her that even if she 
received property in the divorce, she would not live long enough to spend any of 
it. Appellee further claims that appellant had contacted appellee’s neighbor 
asking if he knew anyone who would commit murder for hire because appellant 
allegedly wanted to murder appellee and her male friend.  Appellant 
allegedly paid the neighbor $50.00 to watch appellee’s activities and report 
on her.  On or about March 3, 2002, appellee alleged that when appellant 
came to her home to drop off their daughter, he demanded the dog so that he 
could shoot it in the head.  When appellee asked him why he would do such a 
thing, he responded by threatening to give appellee a black eye and broken jaw 
once they were alone.  Appellee reported appellant’s threats to the 
police, who made him leave the property. On or about February 1, 2002, appellee 
went to appellant’s home to work on paperwork for the joint property they 
owned.  According to appellee, appellant threatened her with a metal meat 
tenderizer and charged at her as she attempted to leave, pushing her out the 
door.  A third party stopped appellant from actually hitting appellee.
        Judicial 
notice may be taken sua sponte at any stage of the proceedings of any fact which 
“is either (1) generally known within the territorial jurisdiction of the 
trial court or (2) capable of accurate and ready determination by resort to 
sources whose accuracy cannot reasonably be questioned.” Tex. R. Evid. 201.  “[T]he trial court 
may take judicial notice of its file at any stage of proceedings and is presumed 
to have done so with or without a request from a party.” Attorney General 
of Texas v. Duncan, 929 S.W.2d 567, 571 (Tex. App.—Fort Worth 1996, no 
writ).
        The 
trial court entered findings of fact and conclusions of law. In number five, the 
trial court found that the marriage had become insupportable and that appellant 
was guilty of cruel treatment against appellee of a nature that rendered further 
living together insupportable.  Based upon those findings, the trial court 
granted the parties’ divorce.  Because the protective order finding that 
appellant committed family violence against appellee and affidavit in support 
thereof were filed with the trial court in the same cause as the divorce, we 
presume that the trial court took judicial notice of the contents of the file. See 
Id. Therefore, some evidence exists to support the trial court’s finding 
of cruel treatment.  Accordingly, we overrule appellant’s second point.
Community Property Division
        In 
his third point, appellant complains that the trial court abused its discretion 
in dividing the community estate.  Specifically, appellant complains that 
there is no evidence to support the disproportionate division of the community 
estate in favor of appellee.  Appellant asserts that the trial court abused 
its discretion by failing to divide the community in a just and right manner. See 
Tex. Fam. Code Ann. § 7.001 (Vernon 1998).
        A 
trial court has broad discretion in dividing the marital estate, and we presume 
the trial court exercised its discretion properly. Murff v. Murff, 615 
S.W.2d 696, 698-99 (Tex. 1981).  In dividing the community estate of the 
parties, the trial court shall order a division of the property that it deems 
just and right, having due regard for the rights of each party.  Tex. Fam. Code Ann. § 7.001.  This court 
will correct the trial court's division of marital property only when an abuse 
of discretion has been shown. Murff, 615 S.W.2d at 698; Massey v. 
Massey, 807 S.W.2d 391, 398 (Tex. App.—Houston [1st Dist.] 
1991), writ denied, 867 S.W.2d 766 (Tex. 1993).  The division of the 
community estate need not be equal, but it should be equitable. O'Carolan v. 
Hopper, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.); Zieba v. 
Martin, 928 S.W.2d 782, 790 (Tex. App.—Houston [14th Dist.] 
1996, no writ) (op. on reh'g); Massey, 807 S.W.2d at 398.
        The 
trial court's discretion to divide the community estate is broad, but not 
without limits.  O'Carolan, 71 S.W.3d at 532; Zieba, 928 
S.W.2d at 790.  The trial court must have some reasonable basis for an 
unequal division of the property.  O'Carolan, 71 S.W.3d at 532; Zieba, 
928 S.W.2d at 790. To prove that the trial court abused its discretion, the 
party complaining of the division must demonstrate from evidence in the record 
that the division was manifestly unjust and unfair.  Pletcher v. Goetz, 
9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied) (op. on reh'g).
        The 
trial court exercises its broad discretion by considering many factors.  Murff, 
615 S.W.2d at 699.  The nonexclusive list of factors include the following: 
(1) fault in breaking up the marriage; (2) the spouses' capacities and 
abilities; (3) business opportunities; (4) education; (5) relative physical 
conditions; (6) relative financial conditions and obligations; (7) disparity of 
ages; (8) sizes of separate estates; (9) the nature of the property; and (10) 
disparity in earning capacities or incomes. Id.
        In 
this case, the only hearing conducted by the trial court to address the division 
of marital property occurred in chambers, in the presence of a court reporter, 
on September 10, 2002.  Neither party testified during this brief hearing 
in chambers,[2] and no other hearing was conducted to 
prove up the divorce or character of the property.  The trial court 
effectively divided the entire estate without the benefit of testimony or any 
evidence presented at a contested trial.  The trial court opened the 
hearing by saying that “I have considered the proposed settlements from each 
side.  Each side submitted written proposals for property division and 
custody issues.  I decided to go with a 55/45 split in favor of [appellee]. 
That split being the split of the rental properties that the parties own 
together.”  During the hearing, the following exchange occurred:
  
THE COURT: [Appellee's] 
attorney will prepare the decree. Has the divorce actually been proved up? I 
believe it has–it has not?
 
[RESPONDENT'S COUNSEL]: I 
don’t think we have.
 
THE COURT: All right. Well, 
I’ll wait to hear back from them once the decree is ready.
 
[RESPONDENT'S COUNSEL]: 
That’s correct, Your honor.
 
[PETITIONER'S COUNSEL]: Thank 
you so much.
  
The in-chambers hearing 
clearly contemplated a later prove-up hearing once the decree had been prepared. 
Despite this, the trial court relied solely on the parties’ proposed 
settlements[3] in its division of the property, and no 
evidence exists in the record to indicate that it relied on any other source.
        The 
trial court in this case acted as if the decree was based upon a settlement 
agreement entered into between the parties, rather than as a result of an 
adversarial proceeding.  The family code provides that spouses may enter 
into a written agreement concerning the division of the property, the 
liabilities of the spouses, and maintenance. Tex. Fam. Code Ann. § 7.006(a).  If the 
trial court finds that the terms of the written agreement in a divorce are just 
and right, those terms are binding on the trial court. Id. § 
7.006(b).  If the trial court approves the agreement, the trial court may 
set forth the agreement in full or incorporate the agreement by reference in the 
final decree.  Id.  If the trial court finds that the terms of 
the written agreement in a divorce are not just and right, the trial court may 
request that the spouses submit a revised agreement or set the case for a 
contested hearing.  Id. § 7.006(c).
        Here, 
both parties submitted a proposed property settlement, but neither agreed to the 
other’s proposal.  Regardless, the trial court still treated the proposed 
property settlements as though they had been agreed upon.  Moreover, the 
trial court had appellee’s attorney draw up the divorce decree based upon the 
proposals, but did not conduct a hearing to prove up the divorce.
        Under 
section 7.006, the legislature contemplates that the trial court will conduct a 
contested hearing or trial in the absence of an agreed settlement.  See 
id. § 7.006(c).  In the present case, because the parties did not 
reach an agreement, the trial court erred by relying on proposals as a basis for 
granting the divorce and its property division.  There was no evidence to 
support the trial court’s property division in the absence of an agreed 
settlement or a hearing.  See In re Marriage of Ames, 860 S.W.2d 
590, 593 (Tex. App.—Amarillo 1993, no writ).
        A 
trial judge is presumed to consider only the testimony and exhibits properly in 
evidence.  Walton v. Canon, Short & Gaston, 23 S.W.3d 143, 
151-52 (Tex. App.—El Paso 2000, no pet.); WTFO, Inc. v. Braithwaite, 
899 S.W.2d 709, 721 (Tex. App.—Dallas 1995, no writ); City of Corpus 
Christi v. Krause, 584 S.W.2d 325, 330 (Tex. Civ. App.—Corpus Christi 
1979, no writ).  When reviewing the merits of the trial court's decision, 
we are limited to considering the material that was before the trial court at 
the time that it ruled.  Methodist Hosps. v. Tall, 972 S.W.2d 894, 
898 (Tex. App.—Corpus Christi 1998, no pet.).  As a general rule, 
documents not admitted into evidence are not considered by an appellate 
court.  See Reyes v. Reyes, 946 S.W.2d 627, 630 (Tex. App.—Waco 
1997, no writ); see also Davis v. Davis, 521 S.W.2d 952, 954-55 (Tex. Civ. 
App.—Fort Worth 1975, no writ).  An inventory and appraisement that has 
not been admitted into evidence is more like a party’s pleading.  See 
Tschirhart v. Tschirhart, 876 S.W.2d 507, 508-09 (Tex. App.—Austin 1994, 
no writ).  A court may take judicial notice of its own files and the fact 
that a pleading has been filed in a case.  Tex. R. Evid. 201; Tschirhart, 876 
S.W.2d at 508.  “A court may not, however, take judicial notice of the 
truth of allegations in its records.” Tschirhart, 876 S.W.2d at 
508.  Thus, unless a party’s inventory and appraisal has been admitted 
into evidence, it may not be considered as evidence of a property’s 
characterization of value. Id. at 508-09; but cf. Vannerson v. 
Vannerson, 857 S.W.2d 659, 670-71 (Tex. App.—Houston [1st Dist] 
1993, writ denied) (holding that the trial court should consider a filed 
inventory that the trial court could have considered among the papers in its 
file).
        Therefore, 
while we agree that a trial court may take judicial notice of the fact that a 
party’s inventory has been filed, we hold that unless a party’s inventory is 
admitted into evidence at trial, it cannot be relied upon as evidence.  
Therefore, it was error for the trial court to rely solely on the parties’ 
inventories and settlement proposals in dividing the marital estate.
        Because 
the trial court did not conduct a hearing to prove up the divorce or property 
division, the parties did not enter into a settlement agreement, and an 
inventory that has not been admitted into evidence is insufficient to support 
the characterization or value of the parties’ property, we hold that no 
evidence exists to support the trial court’s division of the community 
estate.  Accordingly, we sustain appellant’s third point.
Separate Property
        In 
his fourth point, appellant complains that the trial court erred by failing to 
confirm and award appellant his separate property. Under the family code there 
is a presumption that property possessed by either spouse at the dissolution of 
the marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (Vernon 1998). 
Only community property is subject to the trial court's just and right division. 
Boyd v. Boyd, 67 S.W.3d 398, 406 (Tex. App.—Fort Worth 2002, no pet.); Osborn 
v. Osborn, 961 S.W.2d 408, 413-14 (Tex. App.—Houston [1st 
Dist.] 1997, pet. denied). The trial court has no discretion to divest a spouse 
of his separate property. Boyd, 67 S.W.3d at 406; Osborn, 961 
S.W.2d at 414; Cameron v. Cameron, 641 S.W.2d 210, 220 (Tex. 1982);
        The 
party who seeks to assert that property is his or her separate property must 
prove its separate character by clear and convincing evidence.  Tex. Fam. Code Ann. § 3.003(b).  To 
overcome the statutory presumption of community property, the spouse must trace 
and clearly identify the property claimed as separate property.  In re 
Estate of Hanau v. Hanau, 730 S.W.2d 663, 667 (Tex. 1987) (citing Tarver 
v. Tarver, 394 S.W.2d 780, 783 (Tex. 1965)).  If the trial court 
mischaracterizes separate property as community property, the error requires 
reversal because the subsequent division of the community estate divests the 
spouse of his or her separate property.  McElwee v. McElwee, 911 
S.W.2d 182, 189 (Tex. App.—Houston [1st Dist.] 1995, writ denied).
        Because 
we have concluded there is no evidence to support the trial court’s property 
division based solely on parties' inventories, we cannot say whether the trial 
court properly or improperly divested either party of their separate 
property.  Because the identification and confirmation of each spouses’ 
separate property will need to be addressed on remand of the community property 
division, we sustain appellant’s fourth point.
Conclusion
        Having 
sustained appellant’s third and fourth points, we reverse and remand the case 
for a new trial on property division. The remainder of the trial court's 
judgment is affirmed.
 
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and GARDNER, JJ.
 
DELIVERED: April 1, 2004


NOTES
1.  
Section 6.301 of the family code provides that
 
[a] 
suit for divorce may not be maintained in this state unless at the time the suit 
is filed either the petitioner or the respondent has been: (1) a domiciliary of 
this state for the preceding six-month period; and (2) a resident of the county 
in which the suit is filed for the preceding 90-day period.
 
Tex. Fam. Code Ann. § 6.301.
2.  
The reporter’s record of the hearing consists of only six pages of dialogue.
3.  
The settlement proposals are not the same nor do they show an agreement between 
the parties. See Tex. Fam. Code Ann. § 7.006(a).