# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-24-00070-CV

**Daneshjou Family Limited Partnership, Appellant**

v.

**VSD Trust 2016-1; VSD 2016-1 TRS 1 LLC; VSD 2017-PLT1 LLC; and
Trimont Real Estate Advisors, LLC, Appellees**

FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-22-001609, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Daneshjou Family Limited Partnership (Daneshjou FLP) appeals from a summary

judgment granted in favor of VSD Trust 2016-1; VSD 2016-1 TRS 1 LLC; VSD 2017-PLT1

LLC; and Trimont Real Estate Advisors, LLC (collectively, "VSD"). We will affirm.

## BACKGROUND[1]

On or about January 27, 2016, Daneshjou FLP, Daneshjou Holdings, LLC, and

Sally Daneshjou executed and delivered to VSD 4, LLC, an Agreement to Consolidation and

---

[1] The facts stated in this section are taken from unchallenged findings of fact entered by the trial court in a previous case between the parties to this appeal. The judgment in that case is the subject of a separate appeal currently pending in this court. *See Daneshjou Holdings, LLC; Daneshjou Family Limited Partnership; and Sally Daneshjou v. VSD Trust 2016-1 and Trimont LLC f/k/a Trimont Real Estate Advisors, LLC*, No. 03-23-00524-CV. A certified copy of the trial court's findings of fact and conclusions of law was attached as an exhibit to the VSD's motion for summary judgment. Only two of the findings of fact have been challenged in that appeal. *See Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex. App.—Austin 1994, no writ) ("[A] court may take judicial notice of its own records.").

Renewal Agreement (the January 2016 Consolidation and Renewal) for consolidation and amendment of four promissory notes. Among other terms, the January 2016 Consolidation and Renewal provided for consolidated terms of the four notes for a combined outstanding principal balance; maturity date of May 27, 2016; interest rate; default interest rate of 18%; monthly payments (making one consolidated payment each month for the four notes); and defaults. Daneshjou Holdings unconditionally guaranteed payment of all monies due under the four notes. In May 2016, the parties executed a Renewal Agreement (the May 2016 Renewal), which extended the maturity date for payment of the notes to November 27, 2016, included a ninety-day maturity extension option, and set a default interest rate of 18%.

Pursuant to the maturity extension option, the notes matured on February 27, 2017. Despite demand having been made, Daneshjou FLP, Daneshjou Holdings, and Sally Daneshjou failed to pay the amounts due and owing under the notes. In December 2018, the property securing the loans evidenced by the notes was posted for a January 2019 foreclosure sale. To stop the foreclosure sale, the parties executed a Forbearance Agreement in January 2019. In the forbearance agreement, the Daneshjou parties agreed to the following, among other terms:

A. VSD 2017-PLT1 LLC is the assignee of all rights under and the current owner and holder of the Loan Documents;

B. The Notes matured for payment of the entire balances due thereunder in full;

C. Daneshjou FLP, Daneshjou Holdings, and Sally Daneshjou are in default for failure to (1) pay the indebtedness in full upon maturity and (2) timely pay real estate taxes on real property collateral;

D. All interest charged, paid or received on the Loan Documents is not in excess of the maximum legal amount of interest that can be charged on the Loan Documents under all applicable laws; and

2

E. Daneshjou FLP, Daneshjou Holdings, and Sally Daneshjou represent and warrant to Lender that they do not have any claims or offsets against, or defenses or counterclaims to, the terms and provisions of the Loan Documents. Nevertheless, to the extent any determination or assertion is hereafter made that they have any such claims, offsets, defenses or counterclaims, Daneshjou FLP, Daneshjou Holdings, and Sally Daneshjou hereby waive and hereby release Lender, its predecessors, successors and assigns, its parents, subsidiaries and affiliates, agents, counsel, trustees, servicers, beneficiaries, certificate holders of Lender, and the officers, directors, shareholders, partners, employees, attorneys and agents of each of the foregoing from any and all such claims, offsets, defenses and counterclaims, such waiver and release being with full knowledge and understanding of the circumstances and effects of such waiver and release and after having consulted counsel with respect thereto.

In the Forbearance Agreement, Daneshjou FLP and Sally Daneshjou acknowledged and agreed to: (1) the existence of the notes; (2) that they executed the notes and the May 2016 Renewal; (3) that VSD 2017-PLT1 LLC is the assignee of all rights and the legal owner and holder of the Loan Documents, which includes the notes; and (4) that they are indebted to and obligated to VSD 2017-PLT1 LLC pursuant to the terms of the Loan Documents, the entire balances of the matured notes are currently due in full, and that VSD 2017-PLT1 LLC has a right to charge any default interest rate under the terms of the Loan Documents. In the Forbearance Agreement, Daneshjou Holdings acknowledged and agreed to: (1) the existence of the Guaranty and that VSD 2017-PLT1 LLC is the legal owner and holder of the Guaranty; (2) the existence and terms of the notes; (3) that all of the Daneshjou parties are currently in default under the Loan Documents as a result of the failure to pay the indebtedness in full upon maturity; and (4) Daneshjou Holdings has failed to honor its obligations under the Guaranty.

After the Forbearance Agreement was executed, the January 2019 foreclosure sale did not go forward. The Forbearance Agreement contemplated that the Daneshjou parties make three payments of $7,500. The Daneshjou parties made the first two payments; the first

contemporaneous with executing the Forbearance Agreement and the second on January 2, 2019. They did not, however, make the payment due on February 1, 2019, and the property was again posted for a foreclosure sale. Daneshjou FLP stopped foreclosure on the property by filing a Chapter 11 bankruptcy in March 2019. VSD then obtained relief from the automatic bankruptcy stay and re-posted the property for a July 2019 foreclosure sale.[2]

On July 2, 2019, Daneshjou Holdings filed suit in Travis County district court seeking a temporary restraining order to prevent foreclosure. The case was assigned Cause No. D-1-GN-19-003735 (Daneshjou I). Ultimately the case involved claims asserted by Daneshjou FLP, Daneshjou Holdings, and Sally Daneshjou for breach of contract, usury, fraud, negligent misrepresentation, as well as requests for declaratory relief. It also involved counterclaims brought by VSD entities against the Daneshjou parties to recover the amounts due under the notes. The trial court conducted a two-day bench trial in May 2023, and on June 2, 2023, rendered final judgment that Daneshjou FLP, Daneshjou Holdings, and Sally Daneshjou take nothing by their claims and ordered that the VSD entities recover from those parties, jointly and severally, the unpaid principal balance due and owing under the notes in the amount of $269,698.09 along with interest accruing at the rate of $133 per day from July 3, 2019, through the date of the final judgment. The judgment also awarded VSD attorneys' fees and post-judgment interest.

On April 5, 2022, while Daneshjou I was pending in the trial court, Daneshjou FLP filed the underlying proceeding in Travis County district court, which was assigned Cause No. D-1-GN-22-001609 (Daneshjou II). Asserting that the dispute "arises from a series of

---

[2] The bankruptcy proceeding, which was filed in the United States District Court for the Western District of Texas, Austin Division, was dismissed on July 11, 2019, on the Trustee's motion to dismiss.

promissory notes, deeds of trust, and guarantees, and their renewals, modifications, extensions, and assignments," Daneshjou FLP brought a cause of action to "remove cloud and quiet title" to the property foreclosed on in July 2019, alleging that the substitute trustee deed filed after the foreclosure sale was invalid or void. Daneshjou FLP also asserted a claim under Texas Civil Practice and Remedies Code section 12.002, alleging that VSD used a fraudulent court record—the substitute trustee deed—with the intent that it evidence a valid lien or claim against real property and with the intent that it cause another to suffer financial injury. *See* Tex. Civ. Prac. & Rem. Code 12.002 (liability related to fraudulent court record or fraudulent lien). Daneshjou FLP also sought declaratory relief that VSD had charged usurious interest on the notes and Forbearance Agreement and that the Forbearance Agreement was "procured as a result of fraud, malice, or gross negligence," and that "the substitute trustee deed is either void or in the alternative made, used, or presented to defraud Daneshjou FLP" with regard to the amounts due and owing under the four notes. Daneshjou FLP also asserted causes of action for fraud and constructive fraud in connection with calculating the outstanding balance due and owing on the notes after the foreclosure sale.

In August 2023, VSD filed a traditional and no-evidence motion for summary judgment. As grounds for its traditional motion for summary judgment, VSD argued that it was entitled to judgment as a matter of law on its defenses of (1) res judicata; (2) waiver; and (3) release. After a hearing, the trial court granted VSD's motion for summary judgment. Daneshjou FLP then perfected this appeal.

5

## DISCUSSION

We review the granting of a motion for summary judgment de novo.[3] *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). When the trial court does not specify the grounds for its ruling, summary judgment must be affirmed if any of the grounds on which judgment was sought are meritorious. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents ($90,235) in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013). If an appellant does not challenge each possible ground for summary judgment, we must uphold the summary judgment on the unchallenged ground. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish each element of that defense. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021); *see* Tex. R. Civ. P. 94 (identifying res judicata, waiver, and release as affirmative defenses).

VSD filed a no-evidence motion for summary judgment and moved for traditional summary judgment on two grounds. First, VSD argued that Daneshjou FLP's claims were barred by the doctrine of res judicata (claims preclusion). VSD maintained that the trial court's final judgment in Daneshjou I precluded it from bringing any of the claims asserted in Daneshjou II because those claims arose out of the same set of operative facts and, through the exercise of due diligence, could have been litigated in Daneshjou I. *See Hallco Tex., Inc. v. McMullen County*, 221 S.W.3d 50, 58 (Tex. 2006) (observing that Texas courts apply

---

[3] The standards for reviewing a summary judgment are well established and undisputed on appeal. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* Tex. R. Civ. P. 166a(c), (i). Accordingly, we need not repeat them here.

transactional approach to res judicata, which requires that claims arising out of same subject matter be litigated in single lawsuit) (citing *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 631 (Tex. 1992)). VSD also asserted that Daneshjou's claims were barred by collateral estoppel (issue preclusion), arguing that Daneshjou II involved relitigation of issues determined in Daneshjou I. *See Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex. 1991) (relitigation of issues barred by collateral estoppel if facts sought to be litigated in second action were essential facts to judgment in first action that were fully and fairly litigated between parties to second action).

Second, VSD argued as an independent alternative ground for summary judgment, that Daneshjou FLP's claims were barred by the waiver and release contained in the Forbearance Agreement. VSD argued that, in the Forbearance Agreement, Daneshjou FLP waived and released "any claims, defenses, and offsets" that it had against VSD. VSD maintained that this release was an absolute bar to any of the claims asserted in Daneshjou II, entitling VSD to summary judgment. *See Schomburg v. TRW Vehicle Safety Sys.*, 242 S.W.3d 911, 913 (Tex. App.—Dallas 2008, pet. denied) (noting that release is complete bar to any later action based on matters covered therein).

The trial court's order granting VSD summary judgment states that the summary-judgment motion "should be granted on all grounds stated therein." On appeal, Daneshjou FLP brings two issues. In its first issue, it asserts that the trial court erred "with respect to granting traditional summary judgment on the basis of res judicata or collateral estoppel." In its second issue, Daneshjou FLP asserted that the trial court erred "with respect to granting no-evidence summary judgment." On appeal, Daneshjou FLP does not raise an issue challenging the trial court's summary judgment based on the affirmative defense of waiver and release, and it has not raised an issue generally attacking all grounds for summary judgment. When an appellant fails

to challenge the possible grounds on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground. *See Star-Telegram, Inc.*, 915 S.W.2d at 473; *Next Generation Tech., Inc. v. Tech Plan, Inc.*, No. 02-16-00415-CV, 2017 WL 5180864, at *2 (Tex. App.—Fort Worth Nov. 9, 2017, pet. denied) (mem. op.) (affirming summary judgment on unchallenged grounds of impossibility and statute of limitations); *Agarwal v. Villavaso*, No. 03-16-00800-CV, 2017 WL 3044545, at *4-5 (Tex. App.—Austin July 13, 2017, no pet.) (mem. op.) (upholding summary judgment on unchallenged grounds of waiver and quasi-estoppel). Accordingly, because Daneshjou FLP failed to challenge this independent ground for affirming the trial court's summary judgment, we must affirm the summary judgment on this unchallenged ground. *See Young v. JP Morgan Chase Bank, N.A.*, No. 03-15-00261-CV, 2016 WL 4091294, at *3 (Tex. App.—Austin July 28, 2016, pet. denied) (mem. op.).

## CONCLUSION

For this reason, we affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed:   January 6, 2026

8