**Edward Henry AMOS, Appellant,**

v.

**Karen Lynn AMOS, Appellee.**

No. 13–00–648–CV.

Court of Appeals of Texas, Corpus Christi.

June 13, 2002.

Greg Enos, Enos Law Firm, P.C., Houston, for appellant.

Robert D. Clements, Jr., Alvin, for appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

ROGELIO VALDEZ, Chief Justice.

Edward Amos, the appellant, appeals the trial court's awarding of spousal main-tenance in a divorce. We read appellant's brief to raise three issues on appeal:[1] whether the trial court erred in awarding spousal maintenance, whether the trial court erred in awarding maintenance for the maximum three years, and whether the trial court erred in awarding the maximum amount. We affirm.

### Background

Karen and Edward Amos were married in 1989 and they separated in May 1999. They had two children during their marriage and both parents reached an agreement to be joint managing conservators of their children with Karen Amos having primary possession and Edward Amos having visitation rights. Edward Amos agreed to pay child support per guidelines based on his income. The parties did not reach an agreement on spousal maintenance nor on the precise amount of child support. At a bench trial the judge heard testimony from both parties. Thereafter the judge ordered Edward Amos to pay child support of $1,145.00 per month and $1,257.60 per month in spousal maintenance for the maximum three years. It is from that order requiring appellant to pay spousal maintenance that this appeal ensues.

### Spousal Maintenance

The appellant argues that the court abused its discretion in not only finding that the appellee was eligible for spousal maintenance, but also by awarding mainte-

---

1. The appellant's brief contains 6 headings under "Issues Presented" in its appeal. Three of the issues however are assertions regarding the procedure taken by courts in awarding and reviewing an award of spousal maintenance, not distinct complaints which the appellant requests that we review. Specifically the plaintiff's issues include: "Who has the burden of proof in a claim for spousal maintenance? ... What is the standard of review ... How can a judgment of spousal maintenance be suspended pending appeal?" We further note that the six headings under "Issues Presented" do not match the structure of the argument.

nance for three years and for the maximum amount.

■ We review the trial court's decision to award spousal maintenance under an abuse of discretion standard. *Alexander v. Alexander,* 982 S.W.2d 116, 119 (Tex.App.-Houston [1st Dist.] 1998, no pet.). The trial court abuses its discretion when it acts arbitrarily or unreasonable, or without any reference to guiding rules and principles. *See E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995). The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision or if reasonable minds could differ as to the result. *In re Bertram,* 981 S.W.2d 820, 826–27 (Tex.App.-Texarkana 1998, no pet.). Absent a clear abuse of discretion, we do not disturb the trial court's decision to award spousal maintenance. *In re Hale,* 975 S.W.2d 694, 698 (Tex.App.-Texarkana 1998, no pet.). Deciding what the minimum reasonable needs are for a particular individual is a fact-specific determination that should be made by the trial court on a case-by-case basis. *Id.*

Section 8.051 of the family code provides that a trial court may order spousal maintenance if:

the duration of the marriage was 10 years or longer, the spouse seeking maintenance lacks sufficient property, including property distributed to the spouse under this code, to provide for the spouse's minimum reasonable needs ... and is unable to support himself or herself through appropriate employment because of an incapacitating physical or mental disability ... or clearly lacks earning ability in the labor market to provide support for the spouse's minimum reasonable needs, as limited by Section 8.054.

TEX. FAM. CODE. ANN. § 8.051 (Vernon Supp.2002)

■ The trial court filed findings of fact and conclusions of law. Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). The trial court's findings of fact which are relevant to the issue of spousal maintenance are:

(1) [sic] Karen Lynne Amos and Edward Henry Amos were married on January 21st, 1989 and have been married in excess of 10 years;

(2) Karen Lynne Amos has the primary care of Joshua Aaron Amos, 8 years old, and Rachael Marie Amos, 7 years old;

(3) Karen Lynne Amos does not have sufficient skills, property, and income to meet her minimum reasonable needs;

(4) Karen Lynne Amos has physical limitations associated with her use of her right arm as a result of prior injuries that, when coupled with her lack of training and absence from the work place, render her unable to adequately support herself through appropriate employment;

(5) Karen Lynn Amos lacks the earning ability in the labor market adequate to provide support for the spouse'[s] minimum reasonable needs;

(6) Karen Lynne Amos does not own separate property of any significant value;

(7) Because of the kind and character of the assets available to Karen Lynne Amos as a result of the tax deferred community property (more specifically the heavy penalties, interest and taxes associated with the withdrawal and use of funds), the property available to her is not sufficient to

allow her to meet her needs independently;

(8) Karen Lynne Amos'[s] education and employment skills are not significantly developed due to her long absence from the work place while tending to her small children;

(9) Substantial education or training will be required to return Karen Lynne Amos to the work place and, due to her current circumstances (need to earn income, limited access[sic] to resources that will not be heavily taxed, her physical impairment and her need to care for two small children) it will be very difficult for her to secure the necessary training, education or skills;

(10) The marriage has been of a long duration;

(11) Karen Lynne Amos is 38 years old, has limited work experience, very little of the experience is recent, she has limited earning ability, and is impaired physically . . .

■ Appellant's first issue argues that the trial court abused its discretion in awarding spousal maintenance because there was "no testimony" as to Karen Amos's "reasonable minimum needs."

The testimony at trial established that Karen and Edward Amos had been married for more than ten years. Regarding her ability to work, Karen Amos testified that she could not return to her normal employment because she had developed a severe case of carpal tunnel syndrome and had to undergo several surgeries. As such, her physical disability prevented her from going back to her previous employment as a secretary. Despite her disability, she ran an embroidery business from home. This type of business provided her an avenue to work and allowed her to "take breaks" when she needed to. At trial, exhibit 27 was introduced during Karen Amos's testimony. This exhibit showed what costs and revenue she would incur were she to maintain her current home business or if she were to take a job paying minimum wage or ten dollars an hour. Transportation, clothing, and child care were taken into account in these costs. Testimony was also presented concerning Ms. Amos's difficulty in meeting her monthly mortgage payments.

After reviewing the evidence presented, we find that the record contains evidence of the appellee's abilities, education, mortgage concerns, and business opportunities. Based on this evidence we hold that the trial court could properly determine the appellee's reasonable minimum needs. Accordingly, we hold that the trial court did not abuse its discretion in awarding spousal maintenance and we overrule appellant's first issue on appeal.

■ Appellant argues in his second issue that the trial court abused its discretion because the spousal maintenance award was for three years. His primary contention is that there was no evidence of the appellee's needs.

The Texas Family Code limits the duration of a maintenance order to the "shortest reasonable period that allows the spouse seeking maintenance to meet the spouse's minimum reasonable needs" by obtaining appropriate employment or developing an appropriate skill "unless the ability of the spouse to provide for the spouse's minimum reasonable needs through employment is substantially or totally diminished because of: (A) physical or mental disability; (B) duties as the custodian of an infant or young child; or (C) another compelling impediment to gainful employment." TEX. FAM. CODE ANN. § 8.054 (Vernon Supp.2002). Moreover, the family code states "that a court may not order maintenance that remains in effect for more than three years after the date of the order." *Id.*

During trial, Karen Amos testified that she could not return to her normal employment because she developed a severe case of carpal tunnel syndrome and had to undergo several surgeries. This disability prevented her from going back to her previous employment as a secretary.

The trial court found that Karen Amos maintains the primary care of the minor children. The court further found that she lacks sufficient skills, property, and income to meet her minimum reasonable needs. Moreover, the court found that "Karen Lynne Amos has physical limitations associated with the use of her right arm as a result of prior injuries that, when coupled with her lack of training and absence from the work place, render her unable to adequately support herself through appropriate employment."

After reviewing the evidence presented we find that the record contains evidence to support the trial court's awarding of spousal maintenance for the maximum allowable period of three years. See TEX. FAM. CODE ANN. § 8.054 (Vernon Supp. 2002). As such, we hold that the trial court did not abuse its discretion because there is some evidence of a substantive and probative character to support the decision. *In re Bertram*, 981 S.W.2d at 826–27.

Appellant's second issue on appeal is overruled.

■ Appellant's final issue argues that the trial court abused its discretion in ordering payment of spousal maintenance in the maximum amount of twenty percent of appellant's gross monthly income. Specifically, the trial court ordered Edward Amos to pay Karen Amos $1,256.60 per month in spousal maintenance, which amounts to 20% of his gross monthly wages.

The Texas Family Code provides that the court may not order maintenance that requires a spouse to pay monthly more than the lesser of $2,500.00 or twenty percent of the spouse's average monthly gross income. TEX. FAM. CODE ANN. § 8.055 (Vernon Supp.2002). Factors involved in determining maintenance include: the financial resources of the spouse seeking maintenance, the age, employment history, earning ability, and physical and emotional condition of the spouse seeking maintenance. TEX. FAM. CODE ANN. § 8.052 (Vernon Supp.2002).

As previously discussed in our preceding analysis, evidence was introduced detailing Karen Amos's difficulty caused from her physical disability, her diminished earning ability and her minimal financial resources. As such, we hold that the trial court did not abuse its discretion because there was some evidence of a substantive and probative character to support the court's decision and the court did not act arbitrarily or unreasonable, or without any reference to guiding rules and principles. *Robinson*, 923 S.W.2d at 558; *In re Bertram*, 981 S.W.2d at 826–27.

Appellant's final issue is overruled.

We affirm the judgment of the trial court.