No. 04-02-00245-CV



Michele TYLER,


Appellant



v.



Eddie D. TALBURT,


Appellee



From the 285th Judicial District Court, Bexar County, Texas


Trial Court No. 1995-CI-18341


Honorable Martha Tanner, Judge Presiding (1)



Opinion by: Karen Angelini, Justice

Concurring opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: April 30, 2003


AFFIRMED

 Michele Tyler appeals from the trial court's denial of her motion to modify spousal
maintenance, arguing that the evidence is insufficient to support the trial court's judgment. We
disagree and affirm the judgment of the trial court.


Background


 Michele Tyler and Eddie D. Talburt were married for more than ten years before they
divorced in September of 1997. At the time of their divorce, Talburt suffered from a congenital
kidney disease and was awaiting a kidney transplant. Due to Talburt's physical condition, the trial
court ordered in the final decree that Tyler pay Talburt spousal maintenance in the amount of
$456.00 per month "during the period of Eddie D. Talburt's continuing incapacitating physical, or
mental disability, or until further orders of this Court." The trial court also ordered that "the court
shall review the maintenance provisions of this Decree after Eddie D. Talburt receives a kidney
transplant at two (2) month intervals at the motion of either party hereto." 

 On April 4, 1999, Talburt received his kidney transplant. In September of 2001, Tyler filed
a petition to modify spousal maintenance, arguing that Talburt no longer had an incapacitating
physical or mental condition and had not had any such disability since December 1, 1999. On
December 18, 2001, the trial court heard Tyler's motion to modify, and after hearing testimony from
both parties, denied Tyler's motion. 

Abuse of Discretion


 On appeal, Tyler argues that the evidence is legally and factually insufficient to support the
trial court's judgment. However, where the trial court awards spousal maintenance, the appropriate
standard of review is abuse of discretion. Amos v. Amos, 79 S.W.3d 747, 749 (Tex. App.--Corpus
Christi 2002, no pet.); see also In re K.T., No. 04-02-00043-CV, 2003 WL 1090593, at *7-8 (Tex.
App.--San Antonio Mar. 12, 2003, no pet. h.) (en banc) (holding that in context of trial court's
juvenile disposition order, abuse of discretion standard--divorced from evidentiary standards of legal
and factual sufficiency--is appropriate standard of review). A trial court abuses its discretion when
it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting
evidence. Amos, 79 S.W.3d at 749. 

 Section 8.051 of the Texas Family Code provides that the trial court may order maintenance
for either spouse only if the duration of the marriage was ten years or longer, the spouse seeking
maintenance lacks sufficient property to provide for his minimum reasonable needs, and the spouse
seeking maintenance is unable to support himself through appropriate employment because of an
incapacitating physical or mental disability. See Tex. Fam. Code Ann. § 8.051(2) (Vernon Supp.
2003). At the hearing on Tyler's motion to modify spousal maintenance, Tyler had the burden of
showing "a material and substantive change in circumstances of either party." Id. § 8.057(c). On
appeal, Tyler argues that the trial court abused its discretion in determining that she had failed in
her burden, because (1) Talburt no longer suffers from an incapacitating physical disability and is
able to support himself through appropriate employment and (2) he has sufficient property to
provide for his minimum reasonable needs.

 Tyler emphasizes that Talburt has had a successful kidney transplant and is able to work full
time. Talburt, however, did not testify that he could work full time, but only that he could possibly
work full time:

 Q: But you could work a full-time job right now, correct?

 A: Possibly.

 Q: Okay. I believe you testified before that you could; is that true?

 A: I'm not a hundred percent sure. (2)

Regarding his physical disability, Talburt testified that although his health is better than it was while
he was undergoing dialysis treatment, he still gets tired and has a weak immune system. Talburt
admitted that one of the main reasons he has not attempted to work is because if he earns too much
money, he will not qualify for federal assistance. And, if he cannot qualify for federal assistance,
he could not afford the necessary medical treatment for his kidney condition. Besides Talburt's
testimony, there was no other evidence regarding his ability to work or his current physical
condition. Given this evidence, the trial court was authorized to find that Talburt is still suffering
from an incapacitating physical disability and that he is still unable to support himself through
appropriate employment. 

 Tyler also argues that Talburt now has sufficient property to provide for his minimum
reasonable needs. Although Talburt received a personal injury settlement of $21,000.00, he testified
that with that money, he purchased two four-wheelers, a travel trailer that he planned to live in, and
twenty acres of land. Including Tyler's maintenance payment, Talburt's income is a little over
$2300 per month. Although the Kidney Foundation currently helps him with the cost of his
prescription drugs, in three or four months, he will no longer qualify for this aid. According to
Talburt, he will then be liable for his medical costs of between $15,000 to $20,000 per year. And,
Talburt testified, in a month, he was going to have another surgery to determine why he was
suffering from internal bleeding. Given this evidence, the trial court was authorized to find that
Talburt still does not have sufficient property to provide for his minimum reasonable needs. 

 Given Talburt's current monthly income and his substantial medical costs, the trial court did
not abuse its discretion in denying Tyler's motion to modify.

Conclusion


 Having overruled Tyler's issue, we affirm the judgment of the trial court. 

 

 Karen Angelini, Justice





1. The Honorable Martha Tanner presided over the hearing on the motion to modify spousal maintenance. The
Honorable David Peeples signed the judgment from which Tyler appeals.
2. During the hearing, Tyler's counsel states that Talburt had earlier testified that he could work full time. Talburt,
however, was not impeached with that testimony, and it is not a part of the record of this appeal.