11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Phillip Lynn Stone

Appellant

Vs.                   No.
11-02-00258-CV B Appeal from Stephens County

Laura Lee Stone

Appellee

 

Laura Lee
Stone filed the original petition for divorce on February 23, 2000.  After several nonjury hearings, a final
decree was signed on May 17, 2002.  That
decree ordered Phillip Lynn Stone to pay post-divorce maintenance to Laura
under Chapter 8 of the Texas Family Code.[1]   Phillip appeals.  We affirm.

                                                            Final
Decree of Divorce

The final
decree confirmed the divorce which had previously been granted and  the division of community property.  More than half of the community property was
awarded to Phillip.  In order to
equalize the property division, Phillip was ordered to sign a vendor=s lien note[2]
for $225,000.00.  The decree also
ordered Phillip to pay child support in the amount of $400.00 per month while
their minor child, Lucy J. Stone, lived with Laura;[3]
to pay Laura the total sum of $15,600.00 as post-divorce maintenance;[4]
and to pay Laura $4,500.00 for her attorney=s fees. 

       Issue Presented

The only
issue presented for appellate review  is
whether the trial court Aabused its discretion by ordering Phillip to pay spousal maintenance.@  In
presenting this issue, Phillip argues that there is no evidence or, in the
alternative, insufficient evidence to support the trial court=s finding that:

Laura lacks sufficient property and earning
ability to provide for her minimum reasonable needs.

 

                                                                  Findings
of Fact

The trial
court=s findings which are relevant to the issue
presented for appellate review are:

1.  The duration of the marriage between
Petitioner and Respondent was longer than ten (10) years.

 

2.  Petitioner lacks sufficient property,
including property distributed to her under the Texas Family Code, to provide
for her minimum reasonable needs until July 31, 2003.

 

3.  Petitioner clearly lacks earning ability in
the labor market adequate to provide support for her minimum reasonable needs
until July 31, 2003.

 

4.  Petitioner has exercised diligence in
seeking suitable employment.

 

5.  Petitioner has exercised diligence in
developing the necessary skills to become self-supporting during the period of
the parties= separation and during the time the suit for
dissolution of the marriage was pending.

 

6.  The period ending July 31, 2003, constitutes
the shortest reasonable period that allows Petitioner to meet her minimum
reasonable needs by obtaining appropriate employment or developing an
appropriate skill.

 

7.  The sum of $650.00 per month will provide
for the minimum reasonable needs of Petitioner, considering employment or
property received in the dissolution of the marriage or otherwise owned by
Petitioner that contributes to the minimum reasonable needs of Petitioner.[5]


 








                                                                Conclusion
of Law

The trial
court ruled in Conclusion of Law No. 3 
that Laura was qualified for spousal maintenance under Section
8.051(2)(C).  Relevant portions of that
section provide that the trial court Amay order maintenance for either spouse@ if, but only if, the duration of the marriage was ten years or longer
and:

[T]he spouse seeking maintenance lacks
sufficient property, including property distributed to the spouse under this
code, to provide for the spouse=s minimum reasonable needs [and] clearly lacks earning ability in the
labor market adequate to provide support for the spouse=s minimum reasonable needs.

 

                                                              Standards
of Review

Phillip
argues that the evidence conclusively showed that the monthly note payments of
$2,729.87, together with Laura=s current earnings and the child support payments which he made, were
more than enough to provide for Laura=s  Aminimum reasonable needs.@  In
connection with this argument, Phillip prays that judgment should be rendered
that Laura take nothing on her claim for maintenance under Section
8.051(2)(C).  Phillip also argues, in
the alternative, that the evidence was Afactually@
insufficient to support the trial court=s finding that Laura lacked sufficient property and earning ability to
provide for her minimum reasonable needs. 
In connection with this argument, Phillip prays that the judgment of the
trial court should be reversed in part and that Laura=s claim for maintenance should be remanded.

The trial
court in a nonjury case is the judge of the credibility of the witnesses and of
the weight to be given to their testimony. 
It is the trial court, not the appellate court, which resolves conflicts
in the evidence.  The trial court=s findings of fact in a nonjury case Ahave the same force and dignity as a jury=s verdict.@  See, e.g., Anderson v. City
of Seven Points, 806 S.W.2d 791,794 (Tex.1991).  If there is Aany evidence of probative force@ to support the trial court=s finding, an appellate court Acannot substitute its findings of fact for those of the trial court.@  Ray
v. Farmers=
State Bank of Hart, 576
S.W.2d 607, 609 (Tex.1979).  The trial
court=s findings, like a jury=s verdict, can be set aside if they are Aso against the great weight and preponderance
of the evidence as to be manifestly unjust.@  In re King=s Estate, 244 S.W.2d 660, 661 (Tex.1951).      









An
appellate court uses the Aabuse of discretion@ standard to review a trial court=s ruling on a request for maintenance under Chapter 8 of the Texas
Family Code.[6]  The trial court does not abuse its
discretion if there is any evidence of a substantive and probative character to
support its decision.  See Carlin v.
Carlin, 92 S.W.3d 902, 905 (Tex.App. - Beaumont 2002, no pet=n); Amos v. Amos, 79 S.W.3d 747, 749
(Tex.App. - Corpus Christi 2002, no pet=n); Limbaugh v. Limbaugh, 71 S.W.3d 1, 12 (Tex.App. - Waco 2002,
no pet=n); Pickens v. Pickens, 62 S.W.3d 212,
214 (Tex.App. - Dallas 2001, pet=n den=d); Lopez v. Lopez, 55 S.W.3d 194, 198
(Tex.App. - Corpus Christi 2001, no pet=n).

The
Beaumont Court of Appeals reversed the trial court=s award of spousal maintenance in Carlin
v. Carlin, supra.  The appellate
court found that the trial court abused its discretion in ordering maintenance
because the proof in that case of the former wife=s Adisability@ was against the great weight and preponderance of the evidence.  That case is factually distinguishable.

The Corpus
Christi Court of Appeals affirmed the trial court=s ruling which granted spousal maintenance under Section 8.051 in Amos
v. Amos, supra at 749, stating:

The trial court does not abuse its discretion
if there is some evidence of a substantive and probative character to support
the decision or if reasonable minds could differ as to the result.  Absent a clear abuse of discretion, we do
not disturb the trial court=s decision to award spousal maintenance.  Deciding what the minimum reasonable needs are for a particular
individual is a fact-specific determination that should be made by the trial
court on a case-by-case basis. 
(Citations omitted)

 

The Waco
Court of Appeals affirmed the trial court=s ruling which granted spousal maintenance (under the predecessor
statute which has been renumbered as Section 8.051) in Limbaugh v. Limbaugh,
supra at 12, stating:

We review
a spousal maintenance order under an abuse-of-discretion standard.  Thus, we will not disturb such an order
unless the court Aacted
without reference to guiding rules or principles such that the court=s [order] was arbitrary and unreasonable.@  (Citations
omitted)

 

 The Dallas Court of Appeals affirmed the
trial court=s ruling which granted spousal maintenance in
Pickens v. Pickens, supra at 214, stating:








We review the award of spousal maintenance under an
abuse of discretion standard.  A trial
court abuses its discretion when it rules arbitrarily, unreasonably, without
regard to guiding legal principles, or without supporting evidence.  Under the abuse of discretion standard,
legal and factual sufficiency of the evidence are not independent grounds for
asserting error; however, they are relevant factors in assessing whether the
trial court abused its discretion. 
(Citations omitted)

 

The Corpus
Christi Court of Appeals affirmed the trial court decree which awarded spousal
maintenance in Lopez v. Lopez, supra at 198, stating:

We review
the trial court=s decision to award spousal maintenance under
an abuse of discretion standard....The trial court does not abuse its
discretion if there is some evidence of a substantive and probative character
to support the decision or if reasonable minds could differ as to the
result.  Absent a clear abuse of
discretion, we do not disturb the trial court=s decision to award spousal maintenance.  Deciding what the minimum reasonable needs are for a particular
individual is a fact-specific determination that should be made by the trial
court on a case-by-case basis. 
(Citations omitted)

 

                                                        The
Evidence

Laura
testified on September 21, 2000, that she and Phillip were married in 1982,
that their daughter was born in 1985, that the marriage had become
insupportable because of discord or conflict of personalities, and that there
was no reasonable expectation of reconciliation.  Laura also testified that she did not have sufficient property
and earnings to meet her reasonable needs. 


Laura
testified in answer to questions by Phillip=s attorney on June 14, 2001, that she was then living in Odessa, that
she was earning $10.00 per hour, that she was receiving $400.00 per month as
child support, and that she was receiving $2,729.92 per month as payments on
the vendor=s lien note. 
Laura also testified that she did not have Aany money left at the end of the month.@ 
Laura agreed that she did not have any disability which would interfere
with her ability to work. 








Laura
testified on September 13, 2001, that the monthly average of her expenses was
$6,156.00 and that she did not have any source of income other than the child
support payment, the note payment, and her wages.  Laura said that she is not able to save or invest the money which
she receives from Phillip as note payments and that she pays her bills with
that money.  Laura said that she was Ahaving to spend it to live.@ 
During her cross-examination, Laura agreed that she was receiving note
payments in the sum of $2,729.92 per month, child support in the sum of $400.00
per month, and wages at the current rate of $11.00 per hour (for Abetween 38 and 40 hours a week@ with some overtime).  During her redirect examination, Laura said
that the figures which Phillip=s attorney used during his cross-examination did not reflect her
testimony.

                                                                This
Court=s Ruling

The issue
presented for appellate review is overruled. 
The trial court did not abuse its discretion by ordering Phillip to pay
maintenance to Laura under Section 8.051(2)(C).  Carlin v. Carlin, supra; Amos v. Amos, supra;
Limbaugh v. Limbaugh, supra; Pickens v. Pickens, supra; and Lopez
v. Lopez, supra.  There is some
evidence of probative force to support the trial court=s findings of fact.  Ray v. Farmers= State Bank of Hart, supra. 
The trial court=s
findings are not so against the great weight and preponderance of the evidence
as to be manifestly unjust.  In re
King=s Estate, supra.

The
judgment of the trial court is affirmed.         

 

BOB
DICKENSON

SENIOR
JUSTICE

 

September 4, 2003.

Publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Wright, J., and

McCall, J., and Dickenson, S.J.[7]
          











[1]See TEX. FAMILY CODE ANN. '' 8.001, 8.051, 8.052, 8.053, 8.054, & 8.055  (Vernon Supp. 2003).  The other sections in this chapter are not
applicable to this appeal.





[2]That note was secured by a lien on the lands and
several other assets which were awarded to Phillip, and it bears interest at
the rate of 8 percent per annum, compounded annually.  The note is payable in monthly installments of $2,729.87 each,
commencing on December 1, 2000. The final payment is due on November 1, 2010.





[3]Lucy was born on January 17, 1985.  She is no longer a minor, and there is no
dispute about the provisions in the decree concerning conservatorship and child
support.  





[4]The decree required payments of $650.00 per month
from August 1, 2001, until July 31, 2003. 
These payments were subject to other provisions which did not become
applicable.





[5]The trial court had ordered Phillip to pay maintenance
to Laura at the rate of $1,000.00 per month in the decree which was signed on
May 24, 2001.  Phillip filed a motion
for new trial, and the trial court granted a new trial Ainsofar as the issues of spousal support are concerned.@  After further
hearings, the final decree of divorce ordered maintenance at the rate of
$650.00 per month.

 





[6]See Footnote No. 1.





[7]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.