Ingram v. Ingram

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-059-CV

JACKIE LEE INGRAM APPELLANT

V.

TERESA ANN INGRAM APPELLEE

------------

FROM THE 324
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this divorce proceeding, Jackie Lee Ingram appeals various aspects of the trial court’s final divorce decree.  In five issues, he complains of the trial court’s division of the community estate and the parties’ debts, the trial court’s finding that Teresa Ann Ingram was eligible for spousal maintenance and its award of spousal maintenance and a spousal support judgment to Teresa, and the trial court’s failure to award him attorney’s fees.  We will affirm.

In his first issue, Jackie asserts that the trial court erred by finding that Teresa was eligible for spousal maintenance and by ordering him to pay maintenance to Teresa.  In a divorce proceeding, the trial court may order maintenance for either spouse if:

•the parties were married for at least ten years;

•the spouse seeking maintenance lacks sufficient property, including property awarded under the family code, to provide for the spouse’s minimum reasonable needs; and

•the spouse is the custodian of a child who requires substantial care and supervision due to a physical or mental disability, making it necessary, taking into consideration the child’s needs, that the spouse not be employed outside the home.

Tex. Fam. Code Ann.
 § 8.051(2)(B) (Vernon Supp. 2004).  It is presumed that maintenance is not warranted unless the spouse seeking maintenance has exercised diligence in seeking suitable employment or developing necessary skills to become self-supporting during a period of separation and the time the divorce proceeding is pending.  
Id.
 § 8.053(a).  We review the trial court’s decision to award spousal maintenance under an abuse of discretion standard.  
Amos v. Amos,
 79 S.W.3d 747, 749 (Tex. App.—Corpus Christi 2002, no pet.); 
Alexander v. Alexander,
 982 S.W.2d 116, 119 (Tex. App.—Houston [1
st
 Dist.] 1998, no pet.).

In this case, it is undisputed that Jackie and Teresa were married for more than ten years and that they were the parents of an adult disabled child, Jennifer.  The court found that Teresa was eligible for spousal maintenance and ordered Jackie to pay her maintenance of $800 per month for twelve months.

Regarding Teresa’s eligibility for spousal maintenance, the evidence presented at trial shows:  Teresa had a high school diploma, but lacked any post-high school education or job training.  During the marriage, Teresa had worked outside the home only once since Jennifer’s birth, for approximately four months in 1981.  She was employable at McDonald’s, other restaurants, and stores.  After the parties separated, Teresa sought employment at various places.  At the time of trial, she was self-employed cleaning homes and businesses and earned approximately $1,500 per month.  She worked an average of sixteen hours per week so that she could be home as much as possible with Jennifer, who could spend some time alone, but could not prepare meals for herself and required assistance with personal hygiene.  Teresa also received $363 per month in SSI benefits for Jennifer’s support.
(footnote: 2)  

At the time of trial, Teresa’s income—including the SSI payments she received for Jennifer—was $1,893 per month and her monthly expenses were $1,969.  Teresa testified that she had not been able to provide for herself totally since the parties’ separation and that she’d had to borrow some money from her mother and other family and friends.  She admitted that things would not be so tight if she worked more than sixteen hours a week, and she testified that she would be able to support herself through employment.  

The trial court awarded Teresa community property that the court valued at just under $150,000, which consisted primarily of the parties’ residence.  The court also ordered Teresa to pay $21,275 of the parties’ $42,076 in community debts.  Jennifer resided primarily with Teresa, and the trial court ordered that Jackie would have visitation with Jennifer pursuant to the standard possession order in the family code.  
See
 
Tex. Fam. Code Ann.
 §§ 153.311, .313, .315-.316 (Vernon 2002), 
§§ 153.312, .314, .317 (Vernon Supp. 2004).

Based on this record, the trial court could have reasonably concluded that Teresa lacked sufficient property to provide for her reasonable needs and that Jennifer required substantial care and personal supervision due to her mental disability, which made it necessary for Teresa to not be employed outside the home full time.  
See id.
 § 8.051(1)(B).  In addition, the trial court could have reasonably concluded that the presumption that spousal maintenance was unwarranted never arose because Teresa had exercised diligence in seeking employment in light of her limited education and skills and Jennifer’s disability.  
See id.
 § 8.053(a)(1).  Accordingly, we hold that the trial court did not abuse its discretion by ordering Jackie to pay Teresa spousal maintenance of $800 per month for twelve months.  We overrule Jackie’s first issue.

In his second issue, Jackie asserts that the trial court abused its discretion in its division of the community estate.  He challenges the trial court’s fact findings that he was awarded property with a net equity of approximately $107,000 and Teresa received property with a net equity of approximately $150,000.  He contends that the evidence shows that the property the trial court awarded him had a net equity of $26,610 and the property awarded Teresa had a net equity of $242,650.  

The family code requires the trial court to order a division of the parties’ estate “in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.”  
Tex. Fam. Code Ann.
 § 7.001 (Vernon 1998).  The trial court has wide discretion in making this division, and we presume the trial court exercised its discretion properly.  
Murff v. Murff,
 615 S.W.2d 696, 698-99 (Tex. 1981); 
Tschirhart v. Tschirhart,
  876 S.W.2d 507, 509 (Tex. App.—Austin 1994, no writ).

In this case, the trial court divided the community property and assessed its value as follows:

Jackie

•real property at 14205 Old Denton Road $ 97,500 (net equity)

•1993 Ford pick-up     9,200 (net equity)

•Personal property in his possession 
        375

Total $107,075

Teresa

•real property at 569 La Vena Trail $149,630 (net equity)

•1998 Mercury van    0 (net equity)

•one horse and two emus    0

•Personal property in her possession 
         300

Total $149,930

Jackie contends that the evidence shows that the Old Denton Road property had a fair market value of just $50,000 and was subject to a $2,000 tax lien.  He further contends that the community owned only half of this property because the other half was owned by J & M Limited Partnership.  Thus, he asserts that the trial court should have valued the community’s net equity interest in the Old Denton Road property at $24,000.  Further, he contends that the evidence shows the net equity value of the 1993 Ford pick-up was $2,200.  Regarding the property awarded to Teresa, he asserts that the evidence shows the community owned a net equity interest of $235,000 in the property at 569 La Vena Trail and that the personal property in her possession was worth $5,050.  

We have carefully examined the evidence and, although conflicting, it supports the trial court’s property valuations and the court’s implied finding that the Old Denton Road property was not subject to a one-half ownership interest held by J & M Limited Partnership.
(footnote: 3)  Accordingly, the trial court’s division of the community estate was not an abuse of its discretion.  We overrule Jackie’s second issue.

In his third through fifth issues, Jackie complains that the trial court erred by (1) ordering him to pay more than 50% of the debts the parties incurred during their marriage, (2) failing to make any order regarding payment of a $2,500 debt that Jackie had incurred to a Mike Robertson, (3) ordering Jackie to pay Teresa $5,031 as a spousal support judgment, and (4) failing to award Jackie attorney’s fees.  Jackie does not cite any legal authority to support his contention that the trial court erred in making or failing to make these rulings; therefore, his complaints are waived.  
See
 
Tex. R. App. P.
 38.1(h); 
Fredonia State Bank,
 881 S.W.2d at 284.  We overrule Jackie’s remaining issues and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED: April 29, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Jackie testified that he guessed the payments were about $450 per month, but he “[did]n’t really know.  Things change.”  Also, Teresa had initially sought child support from Jackie for Jennifer, but she withdrew that request at trial.  

3:
Jackie’s complaints regarding hearsay, lack of personal knowledge, and the trial court’s 42%-58% division of the community estate between him and Teresa, respectively, based on the court’s valuations, are waived because they are not briefed.  
See
 
Tex. R. App. P.
 38.1(h) 
(requiring appropriate citations to authorities); 
Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994) (citing long-standing rule that point may be waived due to inadequate briefing)
.