COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-059-CV
 
 
 
JACKIE 
LEE INGRAM                                                             APPELLANT
 
 
V.
 
 
TERESA 
ANN INGRAM                                                              APPELLEE
   
------------
 
FROM 
THE 324TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
this divorce proceeding, Jackie Lee Ingram appeals various aspects of the trial 
court’s final divorce decree.  In five issues, he complains of the trial 
court’s division of the community estate and the parties’ debts, the trial 
court’s finding that Teresa Ann Ingram was eligible for spousal maintenance 
and its award of spousal maintenance and a spousal support judgment to Teresa, 
and the trial court’s failure to award him attorney’s fees.  We will 
affirm.
        In 
his first issue, Jackie asserts that the trial court erred by finding that 
Teresa was eligible for spousal maintenance and by ordering him to pay 
maintenance to Teresa. In a divorce proceeding, the trial court may order 
maintenance for either spouse if:
 
•the 
parties were married for at least ten years;
 
•the 
spouse seeking maintenance lacks sufficient property, including property awarded 
under the family code, to provide for the spouse’s minimum reasonable needs; 
and
 
•the 
spouse is the custodian of a child who requires substantial care and supervision 
due to a physical or mental disability, making it necessary, taking into 
consideration the child’s needs, that the spouse not be employed outside the 
home.
 
 
Tex. Fam. Code Ann. § 
8.051(2)(B) (Vernon Supp. 2004).  It is presumed that maintenance is not 
warranted unless the spouse seeking maintenance has exercised diligence in 
seeking suitable employment or developing necessary skills to become 
self-supporting during a period of separation and the time the divorce 
proceeding is pending.  Id. § 8.053(a).  We review the trial 
court’s decision to award spousal maintenance under an abuse of discretion 
standard.  Amos v. Amos, 79 S.W.3d 747, 749 (Tex. App.—Corpus 
Christi 2002, no pet.); Alexander v. Alexander, 982 S.W.2d 116, 119 (Tex. 
App.—Houston [1st Dist.] 1998, no pet.).
        In 
this case, it is undisputed that Jackie and Teresa were married for more than 
ten years and that they were the parents of an adult disabled child, Jennifer. 
The court found that Teresa was eligible for spousal maintenance and ordered 
Jackie to pay her maintenance of $800 per month for twelve months.
        Regarding 
Teresa’s eligibility for spousal maintenance, the evidence presented at trial 
shows: Teresa had a high school diploma, but lacked any post-high school 
education or job training.  During the marriage, Teresa had worked outside 
the home only once since Jennifer’s birth, for approximately four months in 
1981.  She was employable at McDonald’s, other restaurants, and stores.  
After the parties separated, Teresa sought employment at various places.  
At the time of trial, she was self-employed cleaning homes and businesses and 
earned approximately $1,500 per month.  She worked an average of sixteen 
hours per week so that she could be home as much as possible with Jennifer, who 
could spend some time alone, but could not prepare meals for herself and 
required assistance with personal hygiene.  Teresa also received $363 per 
month in SSI benefits for Jennifer’s support.[2]
        At 
the time of trial, Teresa’s income—including the SSI payments she received 
for Jennifer—was $1,893 per month and her monthly expenses were $1,969.  
Teresa testified that she had not been able to provide for herself totally since 
the parties’ separation and that she’d had to borrow some money from her 
mother and other family and friends.  She admitted that things would not be 
so tight if she worked more than sixteen hours a week, and she testified that 
she would be able to support herself through employment.
        The 
trial court awarded Teresa community property that the court valued at just 
under $150,000, which consisted primarily of the parties’ residence.  The 
court also ordered Teresa to pay $21,275 of the parties’ $42,076 in community 
debts.  Jennifer resided primarily with Teresa, and the trial court ordered 
that Jackie would have visitation with Jennifer pursuant to the standard 
possession order in the family code.  See Tex. Fam. Code Ann. §§ 
153.311, .313, .315-.316 (Vernon 2002), §§ 153.312, .314, .317 (Vernon Supp. 
2004).
        Based 
on this record, the trial court could have reasonably concluded that Teresa 
lacked sufficient property to provide for her reasonable needs and that Jennifer 
required substantial care and personal supervision due to her mental disability, 
which made it necessary for Teresa to not be employed outside the home full 
time.  See id. § 8.051(1)(B).  In addition, the trial court 
could have reasonably concluded that the presumption that spousal maintenance 
was unwarranted never arose because Teresa had exercised diligence in seeking 
employment in light of her limited education and skills and Jennifer’s 
disability.  See id. § 8.053(a)(1).  Accordingly, we hold that 
the trial court did not abuse its discretion by ordering Jackie to pay Teresa 
spousal maintenance of $800 per month for twelve months.  We overrule 
Jackie’s first issue.
        In 
his second issue, Jackie asserts that the trial court abused its discretion in 
its division of the community estate.  He challenges the trial court’s 
fact findings that he was awarded property with a net equity of approximately 
$107,000 and Teresa received property with a net equity of approximately 
$150,000.  He contends that the evidence shows that the property the trial 
court awarded him had a net equity of $26,610 and the property awarded Teresa 
had a net equity of $242,650.
        The 
family code requires the trial court to order a division of the parties’ 
estate “in a manner that the court deems just and right, having due regard for 
the rights of each party and any children of the marriage.” Tex. Fam. Code Ann. § 7.001 
(Vernon 1998).  The trial court has wide discretion in making this 
division, and we presume the trial court exercised its discretion properly.  
Murff v. Murff, 615 S.W.2d 696, 698-99 (Tex. 1981); Tschirhart v. 
Tschirhart, 876 S.W.2d 507, 509 (Tex. App.—Austin 1994, no writ).
        In 
this case, the trial court divided the community property and assessed its value 
as follows:
        Jackie
 
•real 
property at 14205 Old Denton Road    $ 97,500   (net 
equity)
•1993 Ford 
pick-up                                      9,200   (net 
equity)
•Personal 
property in his possession               
    375

        Total                                                    $107,075

        Teresa
 
•real 
property at 569 La Vena Trail            $149,630  (net 
equity)
•1998 
Mercury van                                            0  (net 
equity)
•one 
horse and two emus                                    
0
•Personal 
property in her possession                   300

        Total                                                    $149,930

 
        Jackie 
contends that the evidence shows that the Old Denton Road property had a fair 
market value of just $50,000 and was subject to a $2,000 tax lien.  He 
further contends that the community owned only half of this property because the 
other half was owned by J & M Limited Partnership.  Thus, he asserts 
that the trial court should have valued the community’s net equity interest in 
the Old Denton Road property at $24,000.  Further, he contends that the 
evidence shows the net equity value of the 1993 Ford pick-up was $2,200.  
Regarding the property awarded to Teresa, he asserts that the evidence shows the 
community owned a net equity interest of $235,000 in the property at 569 La Vena 
Trail and that the personal property in her possession was worth $5,050.
        We 
have carefully examined the evidence and, although conflicting, it supports the 
trial court’s property valuations and the court’s implied finding that the 
Old Denton Road property was not subject to a one-half ownership interest held 
by J & M Limited Partnership.[3]   
Accordingly, the trial court’s division of the community estate was not an 
abuse of its discretion.  We overrule Jackie’s second issue.
        In 
his third through fifth issues, Jackie complains that the trial court erred by 
(1) ordering him to pay more than 50% of the debts the parties incurred during 
their marriage, (2) failing to make any order regarding payment of a $2,500 debt 
that Jackie had incurred to a Mike Robertson, (3) ordering Jackie to pay Teresa 
$5,031 as a spousal support judgment, and (4) failing to award Jackie 
attorney’s fees. Jackie does not cite any legal authority to support his 
contention that the trial court erred in making or failing to make these 
rulings; therefore, his complaints are waived.  See Tex. R. App. P. 38.1(h); Fredonia 
State Bank, 881 S.W.2d at 284. We overrule Jackie’s remaining issues and 
affirm the trial court’s judgment.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
DELIVERED: 
April 29, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Jackie testified that he guessed the payments were about $450 per month, but he 
“[did]n’t really know. Things change.”  Also, Teresa had initially 
sought child support from Jackie for Jennifer, but she withdrew that request at 
trial.
3.  
Jackie’s complaints regarding hearsay, lack of personal knowledge, and the 
trial court’s 42%-58% division of the community estate between him and Teresa, 
respectively, based on the court’s valuations, are waived because they are not 
briefed.  See Tex. R. App. P. 38.1(h) 
(requiring appropriate citations to authorities); Fredonia State Bank v. Gen. 
Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994) (citing long-standing 
rule that point may be waived due to inadequate briefing).