



# MEMORANDUM OPINION

No. 04-09-00214-CV

Nicolae **PETRA**,
Appellant

v.

Georgeta **PETRA**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-18770
Honorable Solomon Casseb III, Judge Presiding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: February 3, 2010

AFFIRMED IN PART, REVERSED AND RENDERED IN PART

Nicolae Petra appeals the final divorce decree, complaining the evidence is insufficient to support the award of spousal maintenance in favor of Georgeta Petra. We agree and reverse the award.

---

[1] The Honorable David A. Berchelmann, Jr., presiding judge of the 37th Judicial District Court of Bexar County, Texas, presided over the trial and orally rendered judgment. However, the final decree of divorce was signed by the Honorable Solomon Casseb III, presiding judge of the 288th Judicial District Court of Bexar County.

Georgeta Petra filed for divorce after seventeen years of marriage. The parties had one child, who was over eighteen years of age at the time of the divorce. After a bench trial, the court granted the divorce and ordered Nicolae to pay Georgeta $700 per month for three years as spousal maintenance. No findings of fact were requested or filed. Nicolae complains on appeal that Georgeta did not establish her eligibility for spousal maintenance and that the evidence does not support either the amount or duration of the award.[2]

Georgeta alleged she was eligible for an award of spousal maintenance under the provisions of section 8.051(2)(C) of the Family Code, which provides the court may order maintenance if: (1) the marriage lasted ten years or longer; (2) the spouse seeking maintenance lacks sufficient property, including property distributed to the spouse in the divorce, to provide for the spouse's minimum reasonable needs; and (3) the spouse seeking maintenance clearly lacks earning ability in the labor market adequate to provide support for the spouse's minimum reasonable needs. TEX. FAM. CODE ANN. § 8.051(2)(C) (Vernon 2006)[3]. We review the trial court's award of spousal maintenance for abuse of discretion. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 777 (Tex. App.—San Antonio 2004, pet. denied), *cert. denied*, 546 U.S. 823 (2005). The trial court abuses its discretion when it acts arbitrarily or unreasonably, or without any reference to guiding rules and principles. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995). "The

---

[2] Georgeta was represented by counsel in the trial court, but has appeared *pro se* on appeal. Although she filed a letter asking we affirm the decree, she did not file a brief.

[3] Section 8.051 also authorizes an award of spousal maintenance under circumstances not alleged in this case, including some cases involving family violence, cases in which the spouse seeking maintenance has an incapacitating physical or mental disability, and where the spouse seeking maintenance must care for a child of the marriage who has a physical or mental disability, making that spouse unable to work outside the home. *See* TEX. FAM. CODE ANN. § 8.051 (Vernon 2006).

trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision or if reasonable minds could differ as to the result." *Amos v. Amos*, 79 S.W.3d 747, 749 (Tex. App.—Corpus Christi 2002, no pet.).

The divorce decree awards Georgeta fifty percent of the proceeds from the sale of a home in Boerne. The property was on the market at the time of trial and there is no evidence in the record of its value or the amount of equity the parties had in the property. The decree also awards Georgeta the property, jewelry, cash, and accounts in her possession and a vehicle, but the record contains no evidence of the value of that property. Additionally, the decree orders Nicolae to deliver to Georgeta some major appliances, and bedroom, kitchen, formal dining, and living room furniture. Although Georgeta testified much of the furniture is antique and valuable, the record is silent as to its value. Finally, Georgeta was awarded a judgment against Nicolae in the amount of $12,000, enforceable by contempt and by a lien on Nicolae's share of the proceeds from the sale of the Boerne property. The judgment represents Georgeta's share of the proceeds from Nicolae's sale of property in violation of a temporary injunction. The evidence at trial showed that, in addition to the property Georgeta was awarded in the decree, she received approximately $50,000 while the divorce was pending as her share of the proceeds from the sale of another home owned by the community. Georgeta testified she had spent that money during the previous nine months paying her lawyer and other bills.

Georgeta testified she had worked throughout the marriage. She graduated high school and has taken some college courses. She is a certified massage therapist, a licensed nursing aide and home health aide, and has taken a medical surgery technician course. At the time of trial, she was

working two jobs at a hospital, earning $2,300 a month. Georgeta testified she lives with her nineteen-year-old son and has an undisclosed amount of debt on three credit cards. The only evidence of Georgeta's expenses is her testimony that she "can't meet [her] bills" unless she receives $700 a month in spousal maintenance. No further evidence was presented regarding Georgeta's expenses, debts, needs, or property.

To be eligible for spousal maintenance under the Family Code, Georgeta was required to show she lacks sufficient property and sufficient earning ability to meet her minimum reasonable needs. Although there was some evidence from which the trial court could have inferred Georgeta has bills of $3,000 a month, the evidence is insufficient to demonstrate the expenses are reasonable or that they represent Georgeta's "minimum reasonable needs." Further, there is no evidence of the value of most of the property awarded Georgeta in the decree or of the extent to which the property can be used to provide for Georgeta's minimum reasonable needs.

We hold there is no probative evidence that Georgeta's minimum reasonable needs cannot be provided for with her income and property, including that awarded in the divorce. Accordingly, the trial court abused its discretion in awarding spousal maintenance, and we reverse that part of the divorce decree. In all other respects, the final decree of divorce is affirmed.

Steven C. Hilbig, Justice