

**NUMBER 13-15-00467-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JAMES E. REDD,**                                            **Appellant,**

**v.**

**SARAH K. REDD,**                                           **Appellee.**

---

**On appeal from the 75th District Court
of Liberty County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa
Memorandum Opinion by Chief Justice Valdez**

Appellant James E. Redd appeals from a final divorce decree.[1] By six issues, which we renumbered, appellant contends that the trial court erred by awarding appellee Sarah K. Redd $1,500 in spousal maintenance, awarding temporary spousal support in

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 49, 2017 R.S.).

the amount of $2,500 per month, ordering appellant to pay $20,000 in delinquent temporary spousal support payments, failing to issue findings of fact and conclusions of law, and failing to "award [appellant] his sole and separate real property rather than to decree that he owns the property." We affirm in part and reverse and remand in part.

## I. RELEVANT FACTS

On February 5, 2014, the trial court held a hearing where the parties agreed on the record that appellant would pay appellee $2,500 per month in pre-divorce temporary spousal support. On March 7, 2014, appellee filed a motion asking for entry of a temporary order that appellant pay $2,500 per month in temporary support. On March 10, 2014, appellant filed a proposed rule 11 agreement stating that appellant's income had been incorrectly calculated and requesting modification of the agreement.

On March 31, 2014, the trial court held a hearing on entry of temporary orders. At this hearing, appellant's attorney informed the trial court that the parties had "prepared some amended temporary orders [due to an] error . . . [in] the initial agreement . . . for temporary spousal support. . . ." Appellee's attorney responded that he understood that appellant's income, including retirement from the military, Continental Airlines, and social security, totaled almost $5,000. Appellee's attorney stated that appellant withdrew $230,000 from his 401K account rather than taking monthly payments from Continental, and appellant's anticipated income of "around $1,400" would no longer be available.

On May 7, 2015, appellant filed a motion for amended temporary orders, agreeing, in relevant part, to pay appellee $1,000 per month. The motion alleges that at the February 5 hearing, the trial court heard evidence "based on erroneous and false

statements," resulting "in [a] significant error in the calculation of [his monthly income]." On May 14, 2014, appellant filed a motion for second amended temporary orders.

On November 25, 2014, the trial court held a hearing on appellee's motion to enter temporary orders filed on March 7, 2014 and requesting the trial court to order appellant to pay $2,500 in monthly spousal support based on the agreement entered on February 5, 2014. Appellant and his counsel were not present for this hearing. The trial court recalled that there was "a disagreement over what was—what was the agreement was." Appellee replied, "Yes, sir; but we clearly stated on the record that they would be paying [appellee] the $2,500 a month." After noting that nothing in the record showed that appellant's attorney had been notified of the hearing to enter temporary orders, the trial court said, "Are you representing to the court that [appellant's attorney] was duly notified of the fact that you had a hearing set this morning at 10:30 to enter temporary orders that were dictated into the record." Appellee said, "Yes, sir."[2] When the trial court asked if the temporary orders being offered by appellee "properly reflected the agreement of the parties as dictated into the record," appellee replied, "They properly reflect the agreement that was dictated into the record." The trial court then granted appellee's motion for temporary order, requiring appellant to pay appellee $2,500 a month in temporary support. Subsequently, appellant objected to the temporary orders, which the trial court overruled. A bench trial was held, the divorce was granted, and the community estate

---

[2] The trial court stated, "I don't see any request for settings on" any of the motions for temporary order and asked if appellee's attorney had "any type of notice of setting?" Appellee's attorney responded that on November 6, 2014, "we sent fax notice" to appellant's attorney notifying her of the setting. The trial court stated nothing in the record showed that appellant's attorney was notified of the hearing to enter temporary orders. Appellee's attorney replied, "Well, we do know that they have the notice because we have a response from them, Your Honor." The trial court asked, "Well, where is that response," and appellee's attorney responded, "The letter that he filed that he was going to be on vacation." The trial court stated, "Yes, but it doesn't reference what the setting is for?"

was divided.  The trial court ordered appellant to pay $20,000 in arrearages of temporary spousal support in its final divorce decree.  This appeal followed.

## II.    POST-DIVORCE SPOUSAL MAINTENANCE

By his first issue, appellant contends that the trial court abused its discretion by awarding post-divorce spousal maintenance in the amount of $1,500 per month.

We review an award of post-divorce spousal maintenance for abuse of discretion. *Amos v. Amos*, 79 S.W.3d 747, 749 (Tex. App.—Corpus Christi 2002, no pet.).  "The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision or if reasonable minds could differ as to the result."  *Id.* at 749.  A specific determination of spousal maintenance is made on a case-by-case basis.  *Id.*  A court may not order maintenance in excess of twenty percent of the obligor spouse's monthly gross income.  TEX. FAM. CODE ANN. § 8.055 (West, Westlaw through Ch. 49, 2017 R.S.).

Here, there is evidence that appellant earned over $440,000 in 2013 based on his monthly earnings and on his withdrawal of his Continental Airlines 401K account.  Twenty percent of $440,000 is $88,800, which constitutes an amount of $7,400 per month.[3]  *See* TEX. FAM. CODE ANN. § 8.055 (West, Westlaw through Ch. 49, 2017 R.S.).  Appellant testified that after 2013, but prior to the trial held in May 2015, he withdrew $100,000 from a retirement account to pay for his living expenses and legal fees, making his income approximately $120,000 in 2014, with twenty percent of his income per month being

---

[3] Appellant argues that the trial court could only consider the $1,700 he receives from his military retirement when it determined the amount of his monthly income.  However section 8.055 of the Texas Family Code states that gross income for purposes of determining spousal maintenance includes "all other income actually being received, including severance pay, retirement benefits, pensions, [etc.]."  *See* TEX. FAM. CODE ANN. § 8.055(a–1) (West, Westlaw through Ch. 49, 2017 R.S.).

$2,000.[4]  Thus, taking all of the evidence in the light most favorable to the trial court's ruling, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not, there is some evidence that the amount of appellant's income supported the trial court's finding that $1,500 was within the statutory twenty percent cap.  *See Slicker v. Slicker*, 464 S.W.3d 850, 863 (Tex. App.—Dallas 2015, no pet.); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).  Accordingly, the trial court did not abuse its discretion when it determined appellant's monthly income.  See *Amos*, 79 S.W.3d at 749.  We overrule appellant's first issue.

### III.  TEMPORARY PRE-DIVORCE SPOUSAL SUPPORT

By his second issue, appellant challenges the trial court's order to pay appellee $2,500 per month in temporary spousal support.  Appellee responds that appellant agreed on the record to those terms.

It is undisputed that counsel for both parties agreed on the record on February 5, 2014 that appellant would pay $2,500 per month in temporary spousal support.  However, a party may revoke its consent at any time before a judgment is rendered on a settlement agreement.  *Quintero v. Jim Walter Homes*, Inc., 654 S.W.2d 442, 444 (Tex. 1983) (holding that a final judgment rendered on a motion to dismiss was improper where one party did not consent).  Withdrawal of consent must be clearly communicated to the trial court.  *Miller v. Miller*, 721 S.W.2d 842, 843 (Tex.1986).  "[A] pleading filed prior to rendition of judgment which alleges a party's revocation of consent or a motion opposing the entry of judgment on said grounds is sufficient to effectively withdraw consent to the

---

[4] Appellant did not offer his tax return for 2014 tax year into evidence.

agreed judgment." *Sohocki v. Sohocki*, 897 S.W.2d 422, 424 (Tex. App.—Corpus Christi, 1995, no writ). A judgment rendered after revocation of consent is void. *Id.*

Here, appellant clearly communicated to the trial court that he did not consent to paying $2,500 in temporary spousal support because that amount was based on what he claimed to be incorrect information. The record shows that on March 10, 2014, appellant, among other things, filed a proposed rule 11 agreement stating that "the parties have become aware of information that will require us to modify the agreed Temporary Orders that were read into the Court's record on February 5, 2014," and that appellant's monthly income used as the basis for the amount of temporary spousal support was incorrect. At the March 31 hearing, appellant informed the trial court that the parties had prepared amended temporary orders due to a mistake in calculating his income and appellee's attorney acknowledged that he had been informed that $1,400 would no longer be available to appellant. And, the trial court at the November 25 hearing recalled that a disagreement existed on the amount of support. Under these circumstances, we conclude that appellant revoked his consent to the agreed order on temporary spousal support prior to the trial court's order. Therefore, the order is void. *See id.* We sustain appellant's second issue. Due to our disposition of appellant's second issue, we also sustain appellant's third issue arguing that the trial court abused its discretion by finding that he failed to pay $2,500 per month and awarding appellee $20,000 in the final divorce decree for the delinquent temporary support.[5]

---

[5] Because we have sustained appellant's second and third issues, we need not address his fourth issue contending that appellee failed to prove that she qualified for temporary spousal support as it is not dispositive of this appeal. *See* TEX. R. APP. P. 41.7.

6

## IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

By his fifth issue, appellant contends that the trial court erred when it failed to issue findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296. However, appellant failed to file notice of past due findings of fact and conclusions of law as required by Texas Rule of Civil Procedure 297. *See* TEX. R. CIV. P. 297. Accordingly, appellant has waived this issue. *See Sonnier v. Sonnier*, 331 S.W.3d 211, 214 (Tex. App.—Beaumont 2011, no pet.). We overrule appellant's fifth issue.

## V. LANGUAGE IN JUDGMENT

By his sixth issue, appellant states, "When the trial court replaced the standard verbiage in the decree from: 'It is Ordered and Decreed that [appellant] is awarded the following as his sole and separate property . . . .' and wrote in the that the court [']confirmed that [appellant] owns the following property as his sole and separate property . . . .', the court's order gave [appellant] less right in the property than what is required by law." Appellant cites no authority and provides no analysis supporting this statement in his brief. We conclude that this issue is inadequately briefed. *See* TEX. R. APP. P. 38.1(i). We overrule appellant's sixth issue.

## VI. CONCLUSION

We affirm in part and reverse the trial court's judgment in part and remand the cause for proceedings consistent with this opinion.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
3rd day of August, 2017.

7